## Commonwealth v. McLaughlin

*R. Rex Downie,* for Commonwealth.

*Robert L. Orr,* for defendant.

SALMON, J., April 21, 1971.—Defendant is before the court upon a citation for violation of section 1002-(b)(8) of The Vehicle Code relating to lawful speed of motor vehicles on State highways. The citation shows that it was issued on January 11, 1971, by Trooper John M. Toner, accusing defendant of traveling 66 miles per hour in a 45 mile per hour zone on Pennsylvania Highway Route 18 in Potter Township, Beaver County, and further indicates that the offense occurred at 7:25 p.m., and that the day of the week was Monday. A hearing in the matter was had before Joseph J. Liberati, District Justice of the Peace, on February 16, 1971. The district justice of the peace adjudged defendant guilty, and notice of appeal was duly filed in the office of the clerk of courts on February 26, 1971.

At the hearing de novo before the court, Officer Toner testified that defendant was apprehended by the use of radar equipment and that the radar instrument indicated defendant was traveling 66 miles per hour in a zone legally posted to establish a speed limit of 45 miles per hour. He produced and offered in evidence a certificate from the Secretary of Revenue certifying the appointment of HRB-Singer, Inc. as a Radar

Speedmeter Testing Station. He also produced and offered in evidence a certificate from HRB-Singer, Inc., showing that Radar Speed Meter Model S5, Serial No. 5283, manufactured by Eastern Industries, Inc., was tested and calibrated on December 21, 1970, and found to be within the required standard of accuracy. The same certificate also certifies that certain tuning forks were found on the same date to be within the required standard of accuracy. The officer testified that the equipment used by him in apprehending defendant was the equipment approved and certified by said certificate.

The Commonwealth further undertook to prove by Officer Toner that the Commissioner of Traffic Safety had properly approved for use by the Pennsylvania State Police Model S2 Electromatic Speed Meter and Model S5 Electromatic Speed Meter manufactured by Automatic Signal Device, Eastern Industries, Inc., Norwalk, Conn. The testimony shows that the Model S5 Meter was the type used by the officer in this case. However, the certificate offered for this purpose by the Commonwealth was objected to by defendant because it is a photo copy of such certificate, bears no original signature by any proper State official, and bears no raised seal of the Pennsylvania Department of Revenue, although the photo copy shows the image of such seal. The court sustained the objection. At the close of Commonwealth's testimony, defendant entered a demurrer to the testimony. The court reserved judgment on the demurrer and directed defendant to proceed with his proof. Defendant rested without offering any testimony.

The court finds that the Commonwealth's testimony is sufficient to sustain a conviction. Defendant's guilt or innocence now turns upon the disposition of the demurrer.

Defendant's counsel took the position that the burden is on the Commonwealth under section 1002 of The Vehicle Code, as amended, to prove that the equipment used was of a type approved and certified by the Secretary of Revenue or his duly authorized agent. He argued that the certificate offered was not in proper form for admission in evidence because it is merely a photo copy and does not bear any genuine signature or seal.

The position of defendant in this respect appears to be supported by Commonwealth v. Perdok, 411 Pa. 301 (1963), and by Marinelli License, 41 D. & C. 2d 1 (1966). We believe those cases properly reflect the law of Pennsylvania as it existed at that time.

On July 31, 1968, the Commonwealth Documents Law was enacted. The same appears in 45 PS §1101, et seq. This statute (no. 240) briefly stated, provides for the Legislative Reference Bureau to compile and edit an official legal codification of, inter alia "(2) all administrative and other regulations" and "(3) all statements of policy which are general and permanent in nature." This act further provides for the publication of all such documents and distribution of the same. It further provides in section 501 of the act that the published text shall be the official text of all such documents; in section 503 of the act that the effective date of the document shall be the date of such publication; in section 504 that publication shall constitute notice "of such document to any person subject thereto or affected thereby." We note particularly that section 604 provides in pertinent part as follows:

"The contents of the code, of the permanent supplements thereto, and of the bulletin, shall be judicially noticed."

We find in the Pennsylvania Bulletin, Volume 1, No. 16, dated October 24, 1970, at page 425, that the

Secretary of Transportation caused to be published the regulation approving the Model S5 Speed Meter with which we are here involved and noted that the same was previously approved on November 17, 1965.

The issue now before us is a clear example of the intent and purpose of the Pennsylvania Documents Law, pursuant to which the Legislative Reference Bureau may provide official notice of all such administrative actions to the members of the bar and the general public who are concerned therewith. Such action eliminates the need for presenting in evidence the certified copies heretofore required, as held in the Perdok case above cited, and eliminates the inconvenience and delay formerly experienced in obtaining such certified copies. In accordance with the Pennsylvania Documents Law, this court takes judicial notice of the secretary's approval of the Model S5 Electromatic Speed Meter device. The court finds from the testimony that defendant did violate The Vehicle Code by traveling at the rate of 66 miles per hour in a zone properly posted for a speed limit of 45 miles per hour. The court, therefore, finds defendant guilty.

One other question remains. It appears from the transcript of testimony filed by the district justice of the peace and by his docket transcript that he assessed defendant a fine of $10 and costs in the amount of $15. The fine is fixed by statute and is correct. However, we believe the district justice of the peace has not correctly read the Act of January 7, 1952, P. L. 1841, as amended November 10, 1965, which appears in 42 PS §217. As we read the statute, costs are allowed in the amount of $5 in the case of a motor vehicle summary conviction offense and in the amount of $10 in such case where hearing is demanded. The district justice of the peace has apparently interpreted this section as providing that when he holds a hearing he

is entitled to levy costs in the amount of $10 over and above the costs of $5 allowed when no hearing is held. We do not so read the statute. We think that costs are allowed either in the amount of $5 or in the amount of $10, but that they may not be added together and levied in total amount.

## ORDER

And now, April 21, 1971, in accordance with the foregoing opinion, defendant is adjudged guilty and sentenced to pay the record costs and a fine of $10. The record costs in the office of the district justice of the peace are limited to the sum of $10 and costs in excess of that sum levied by the district justice of the peace are disallowed.