Commonwealth *v.* Slider, Appellant.

Submitted March 18, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

94

*Eugene A. Kestenbaum,* Assistant Public Defender, for appellant.

*Alan M. Rubenstein,* Assistant District Attorney, *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

On the evening of November 23, 1971, appellant's Ford station wagon was observed by a police officer to be weaving back and forth across both lanes of traffic. Upon stopping the vehicle, the officer identified the driver as the appellant, Ruth L. Slider. The officer observed that the appellant's eyes were "red and watery" and noted a strong odor of alcohol. After requesting the appellant to get out of the vehicle, the officer observed her "staggering walk" and slurred speech. The officer then arrested the appellant for operating a motor vehicle while under the influence of intoxicating liquors.[1]

Thereafter, appellant was transported to the Quakertown Police Barracks where, at the direction of the arresting officer and with the consent of the appellant, Trooper Aceto of the Pennsylvania State Police administered a chemical test of appellant's breath. The results of this test indicated a blood alcohol content of .25.

At a jury trial appellant was found guilty of the charge and sentenced to a term of imprisonment of 45

---

[1] Act of April 29, 1959, P. L. 58, §1037, 75 P.S. §1037 (1971).

days. Post-trial motions were denied by the court *en banc* and this appeal followed.

Appellant's sole contention on appeal addresses the competency of the evidence presented at trial to show that the trooper who administered the breathalyzer test was qualified to do so, and that the equipment was of an approved type.

Section 624.1 of The Vehicle Code[2] authorizes a chemical test of a subject's breath provided that "the test is administered by qualified personnel and with equipment approved by the secretary . . . . Qualified personnel means a physician or police officer who has received training in the use of such equipment in a training program approved by the secretary . . . ."

On direct examination, Trooper Aceto testified that he had undergone a 40-hour course of instruction in the use of the breathalyzer under the direction of the Commissioner of State Police and that he had received a certificate from the Commonwealth evidencing his successful completion of the training. Over defense objection this certificate was received into evidence.

We must, of course, note that the certificate itself was not necessary to prove that the officer had attended the required course. The officer himself testified that he had completed the requisite training and such testimony was competent and sufficient to establish that fact. Merely because the existence of a fact is capable of being proved by documentary evidence does not prohibit a witness from testifying about the fact, nor does it necessitate the production of the document because it is not the contents of the document which are at issue. *Smith v. Smith*, 364 Pa. 1, 70 A.2d 630 (1950); *Mars v. Meadville Tel. Co.*, 344 Pa. 29, 23 A.2d 856 (1942).

---

[2] Act of April 29, 1959, P. L. 58, §624.1, *as amended*, 75 P.S. §624.1 (1971).

We are also of the opinion, however, that the trial court did not commit error when it accepted the certificate of course completion into evidence. An exception to the hearsay rule, the official statement exception, provides the necessary gateway to admissibility. The policy behind this exception, that of avoiding the inconvenience to and disruption of public affairs by requiring public officials to appear in court, adequately justifies its use in cases of this type. For a document to be admissible under the official statement exception "it is necessary that the evidence show that it was prepared pursuant to an official duty." *Githens, Rexsamer & Co. v. Wildstein,* 428 Pa. 201, 205, 236 A.2d 792, 795 (1968); *see* V Wigmore, Evidence §1630 *et seq.* (3d ed. 1940). The Commissioner of State Police is under a duty to provide for the training of the members of the State Police force[3] and the duty to certify that training follows correlatively. *Cf. Commonwealth v. Perdok,* 411 Pa. 301, 192 A.2d 221 (1963).

Appellant also challenges the trial court's acceptance into evidence of two additional documents offered to prove that the course of training was approved by the secretary and that the equipment used was of an approved type. Appellant, however, raises an issue of no consequence. Under the Commonwealth Documents Law[4] the contents of the Pennsylvania Bulletin are to be judicially noticed. The regulations approving the course of instruction undertaken by Trooper Aceto and the equipment used in the instant case may be found at 1 Pennsylvania Bulletin 288-90 (1970). *See Commonwealth v. Wahl,* 73 Lack. J. 110 (1972); *Common-*

---

[3] Act of April 9, 1929, P. L. 177, §711, *as amended,* 71 P.S. §251 (Supp. 1973-74).

[4] Act of July 31, 1968, P. L. 769, §101 *et seq.,* 45 P.S. §1101 *et seq.* (Supp. 1973-74).

*wealth v. McLaughlin,* 51 Pa. D. & C.2d 606 (Beaver 1971).

Judgment affirmed.