445 A.2d 1304

**COMMONWEALTH of Pennsylvania,**

v.

**Charles BURKETT and Geraldine Press, Appellants.**

Superior Court of Pennsylvania.

Submitted Nov. 5, 1981.

Filed May 21, 1982.

Paul A. Prince, Pottstown, for appellants.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

PER CURIAM:

Following a hearing before a District Justice, appellants Charles Burkett and Geraldine Press were found guilty, respectively, of violating § 1543(a) (driving while under suspension) and § 1575(a) (permitting a violation) of the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. §§ 1543(a) and 1575(a). They appealed to the Court of Common Pleas, and, after a hearing de novo, were again found guilty. This direct appeal followed.

The testimony established that, on May 17, 1980, Officer Thomas J. Liott observed Burkett operating a Ford Pinto. Officer Liott testified that he stopped the vehicle because he knew Burkett's operating privileges had been suspended. As he stopped the vehicle, he observed Burkett switch seats with his passenger, Press. Entered into evidence, over objection, were certifications of Burkett's records from the Bureau of Traffic Safety. These records indicated that the Bureau had sent Burkett a Notice of Suspension which advised him that the credit toward the suspension would begin when his operator's license was received by the Bureau. These records also indicated that the Bureau had received his license on November 12, 1979.

██ Burkett alleges first that the Bureau's records were inadmissible as hearsay. Under *Commonwealth v. Sweet*, 232 Pa.Super. 372, 335 A.2d 420 (1975) and *Commonwealth v. Slider*, 229 Pa.Super. 93, 323 A.2d 376 (1974), these records

are admissible under the official statement exception to the hearsay rule.

■ Burkett also argues that the Commonwealth failed to establish that he had actual notice of the suspension, as required by *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975). In *Kane*, the only evidence presented was that the notice of suspension was mailed. Here, however, there is the additional evidence that Burkett's license was returned to the Bureau and the testimony that Burkett attempted to conceal his actions by removing himself from the driver's seat. We find this evidence sufficient to establish that Burkett had actual knowledge that his operating privileges had been suspended.

Appellant Press argues that she was cited under the wrong section of the Vehicle Code. Section 1575 of the Vehicle Code under which she was charged, provides:

(a) General Rule.—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title. 75 Pa.C.S.A. § 1575.

Press argues that, § 1574 of the Vehicle Code is more appropriate because it specifically pertains to her offense whereas § 1575 is a general provision. Section 1574 provides:

(a) General Rule.—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter [licensing provisions] or who is not licensed for the type or class of vehicle to be driven. 75 Pa.C.S.A. § 1574.

■ We must agree. Section 1574 clearly applies to the facts of the instant case. It has long been the law of Pennsylvania that a person cannot be charged under general provisions of a penal code where special provisions are available. *Commonwealth v. Bidner*, 282 Pa.Super. 100, 422 A.2d 847 (1980); *Commonwealth v. Buzak*, 197 Pa.Super. 514, 179 A.2d 248 (1962). Therefore, we must reverse the

lower court's ruling that appellant Press was properly charged with violating § 1575.

Affirmed as to appellant Charles Burkett. Reversed and judgment of sentence vacated as to appellant Geraldine Press.

POPOVICH, J., files a dissenting statement.

POPOVICH, Judge, dissenting:

Contrary to the Majority's holding, I find that, in examining the facts instantly in light of the specific provisions of the statute in question (75 Pa.C.S.A. §§ 1574 & 1575), appellant-Press was properly charged with violating 75 Pa.C.S.A. § 1575. Therefore, I dissent.