456 A.2d 1071

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David William GRIFFIS.**

Superior Court of Pennsylvania.

Argued March 25, 1981.

Filed Feb. 18, 1983.

548

Graham C. Showalter, District Attorney, Lewisburg, for appellant.

William F. Donovan, State College, for appellee.

Before PRICE, WIEAND and LIPEZ, JJ.

LIPEZ, Judge.

This is a Commonwealth appeal from an order granting defendant's motion to dismiss the charge under Rule of Criminal Procedure 1100(f). The trial judge concedes in his opinion that his determination is based on "facts" which are not of record, but taken from the briefs of the parties filed in the lower court. The statement in the opinion that the briefs are "not in dispute" as to the facts is incorrect, and even if it were true, the trial judge in ruling on the motion should not have made factual determinations

based on the parties' briefs. *Erie Indemnity Company v. Coal Operators Casualty Company,* 441 Pa. 261, 265, 272 A.2d 465, 466–67 (1971). Moreover, the Commonwealth's failure to file an answer to defendant's Rule 1100 motion is not an admission of any factual allegations in the motion. Pa.R.Crim.P. 308(a). There is no indication in the record that there has ever been a hearing on defendant's motion. Therefore, we shall vacate the lower court's order, and remand with the direction to hold a hearing, in order to develop a record on which disposition of the motion may be based.[1]

Order vacated, indictment reinstated, and case remanded for further proceedings. Jurisdiction is not retained.

PRICE, J., did not participate in the consideration or decision of this case due to his death.

---

1. We imply no view as to what combination of facts, if proved at the hearing, would suffice to sustain defendant's Rule 1100 claim. Defendant's motion appears to raise questions of first impression involving the interaction of Rules 133, 134, 150 and 1100, but it would be premature for us to rule on any legal questions with the record in its current state. We also point out to the parties that they do not develop a record which we may consider on appeal merely by making factual allegations in an appellate brief. *Commonwealth v. Rini,* 285 Pa.Super.Ct. 475, 483, 427 A.2d 1385, 1390 (1981).