## Commonwealth v. Antonic

*Edward F. Brown,* assistant district attorney for the Commonwealth.

*Henry C. Haefner,* for defendant.

ECKMAN, *J.,* April 12, 1984 — On May 27, 1983, Defendant, Alexander Antonic, was charged under the Vehicle Code (hereafter Code) with the criminal offense of driving a vehicle while under the influence of alcohol.[1] Defendant filed an omnibus pretrial motion to suppress evidence on June 30, 1983. After a hearing, this court denied defendant's motion on July 15, 1983. The testimony from the suppression hearing was incorporated into a nonjury trial and defendant was found guilty as charged. Defendant subsequently filed timely written motions in arrest of judgment and for a new trial. Briefs having been submitted by the parties, the post-trial motions are now before the court for disposition.

Defendant contends that the court erred in denying his application to suppress evidence because the Commonwealth failed to establish that the breathalyzer operator was qualified and that the thirty day calibration of the breathalyzer instrument were both in accord with the rules and procedures adopted by the Departments of Health and Transportation.

Section 1547 of the Code[2], states, inter alia:

(c) Test results admissible in evidence.

In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 . . . the amount of alcohol or

---

1. The Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81, §1, as amended; 75 Pa. C.S.A. 3731(a)(1)(4), Supplement.

2. The Vehicle Code, supra; 75 Pa. C.S.A. §1547, Supplement.

controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

(1) Chemical tests of breath shall be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the departments of Health and Transportation. Devices shall have been calibrated and tested for accuracy within a period of time and in a manner specified by regulations of the Departments of Health and Transportation. For purposes of breath testing, a qualified person means a person who has fulfilled the training requirement in the use of the equipment in a training program approved by the Departments of Health and Transportation. A certificate or log showing that a device was calibrated and tested for accuracy and that the device was accurate shall be presumptive evidence of those facts in every proceeding in which a violation of this title is charged.

The breathalyzer instrument used in the instant case was a Smith & Wesson Model 900. Officer Noah Huber of the Lancaster City Police Department testified that the Smith & Wesson Model 900 is certified and approved by the Department of Health. Although our reading of Section 1547, supra, indicates that only the Department of Health's approval is required for the breathalyzer instrument, the Commonwealth requested that the court take judicial notice of the regulations of the Departments of Health and Transportation in which the Smith & Wesson Model 900 is listed as an approved device. Specifically, the Smith & Wesson Model 900 breathalyzer is approved by the Department of Health in the regulations found in 28 Pa.

Code §5.102(a)(2), and by the Department of Transportation in the regulations found in 67 Pa. Code §77.2(a)(2). Although judicial notice by the court is not at issue, the court has authority and takes judicial note of the regulations of the Pa. Code, Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 319 A.2d 914 (1974), and the Pennsylvania Bulletin, Commonwealth v. Slider, 229 Pa. Super. 93, 323 A.2d 376 (1974).

The Commonwealth cited 13 Pa. B. No. 3 and 13 Pa. B. No. 12 in response to Defendant's objection to the certifications of Officer Huber who administered the tests. The Departments of Health and Transportation jointly approved the amendments and additions contained in 67 Pa. Code §§77.1 through 77.7, effective January 14, 1983 and March 10, 1983. The regulations provide, inter alia, for an exemption from instruction for certain individuals. Section 77.4(e)(3), supra, states:

Any person certified by the Department of Transportation or the State Police on January 14, 1983 to administer alcohol breath tests or conduct accuracy inspections with a particular item or items of equipment may continue to perform such duties with such equipment without undergoing further instruction and will be considered a certified breath test operator under this chapter. Since Officer Huber completed an approved course of instruction for chemical testing and certified by the Pennsylvania State Police on January 27, 1978, he is exempt from instruction as having been previously certified.

An accuracy inspection test is defined in the regulations jointly approved by the Departments of Health and Transportation as "[a] test conducted once every thirty days by a certified breath test operator." 67 Pa. Code §77.3. Section 77.6 of the Pennsylvania Code states, inter alia:

An accuracy inspection test shall be conducted on every breath test device within thirty days prior to using such breath test device to perform an actual alcohol breath test.

Officer Huber, a certified breath test operator, certified that the testing device was tested for accuracy on March 3, 1983 and found to be in the range specified by the Departments of Health and Transportation regulations. In so doing, Officer Huber testified that he performed a series of five tests on the breathalyzer device within 30 days prior to using the device on defendant as required by the jointly approved regulations; 67 Pa. Code §77.6.

Under these circumstances, we find that the evidence established that the breathalyzer device, the breathalyzer operator's certification and the testing systems utilized by the operator were approved by both the Departments of Health and Transportation, in compliance with §1547(c)(1) of the Code, supra. Hence, we conclude that the court committed no error.

All other issues which were raised by defendant's post-trial motions and not argued in his brief are deemed to be waived. Commonwealth v. Perry, 279 Pa. Super. 32, 420 A.2d 729 (1980); Lancaster County Rule of Criminal Procedure No. 31D.

Accordingly, we enter the following

## ORDER

And now, April 12, 1984, the post-trial motions in arrest of judgment and for a new trial filed by defendant, Alexander Antonic, are dismissed. Defendant is directed to appear for sentencing at the call of the district attorney.