499 A.2d 344

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David Roy MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Sept. 27, 1985.

130

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Robert B. MacIntyre, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, CERCONE and LIPEZ, JJ.

CAVANAUGH, Judge:

David Roy Martin was found guilty by a jury of driving under the influence of alcohol and by a judge of driving while his operating privileges were suspended. He was sentenced to 30 days imprisonment and a fine of $300.00 on the first offense, and a consecutive term of 90 days imprisonment and a $1,000.00 fine on the latter offense. He now appeals from those convictions.[1]

Appellant was arrested on June 8, 1983 after his vehicle was observed traveling eastbound in the westbound lane of the Pennsylvania Turnpike by a Pennsylvania State policeman. He was charged with the above offenses. Trial was originally scheduled for November 14, 1983, but on that day appellant's public defender moved to withdraw from the case. The court granted that motion and continued the matter to December 13, 1983, the appellant's run date for purposes of Rule 1100. On December 13, the case was again continued until January 16, 1984.

On January 16, 1984, appellant filed a counseled waiver of his right to a speedy trial specifically waiving the computation of time under Rule 1100 for the period between January 16, 1984 and the March, 1984 term of the Dauphin County Criminal Court.

Trial commenced on February 10, 1984, before a judge and a jury on the driving under the influence charge, and

---

1. Appellant is represented by his fourth new counsel on appeal. The record suggests that appellant was represented initially by a member of the Dauphin County Public Defender's Office. That attorney withdrew before trial and appellant retained private trial counsel. Appellant later retained different counsel to pursue his post-verdict motions. Finally, appellant was re-appointed present counsel for appeal purposes from the Public Defender's Office.

before the same judge without a jury on the driving while suspended charge. On February 13, the jury was charged and sent out to deliberate. In the interim, further testimony was heard on the driving while suspended offense before the judge alone. The appellant was found guilty by the judge on this count and immediately sentenced to ninety days imprisonment, plus a $1,000.00 fine. The court then "defer[red] the effectiveness of the sentence" for ten days or until February 23. N.T. at 51 (February 13, 1984).[2] Subsequently, the jury returned a verdict of guilty on the DUI charge.

Appellant then retained new counsel to pursue his post-verdict motions. These motions and supplemental post-verdict motions were filed[3] and later denied by the trial court without a hearing.

A second sentencing hearing was then held on July 24, 1984. At that proceeding the court sentenced the appellant to pay a fine of $300.00 plus the costs of prosecution and to undergo imprisonment for a period of not less than thirty days, nor more than six months. The court then continued:

[W]e will reaffirm our sentence in connection with driving under suspension filed to 1727(b) CD 1983.

And now, July 24, 1984, the sentence of the Court is the defendant pay a fine of $1000, the cost of prosecution, that he undergo imprisonment in the Dauphin County

2. The docket entries reflect the following:
FEB 13 1983 ..., Sentence of the Court that Defendant pay fine of One Thousand dollars (1,000.) to the Commonwealth, that he pay the costs of prosecution, and that he undergo punishment in the Dauphin County Prison for and during the term of 90 days to commence and be computed from this day and shall therein be kept, fed, clothed, treated and governed as provided by law.
....
Computed from 2–23–84 Sentence Deferred for 10 days.

3. On appeal, appellant presents seven allegations of trial counsel's ineffectiveness. Each of these issues was raised initially by appellant's post-verdict motion counsel and therefore are properly preserved for review. *See Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977) ("ineffectiveness of prior counsel must be raised at the earliest stage in proceedings at which counsel whose ineffectiveness is being challenged no longer represents the accused").

Prison for a period of 90 days, to begin and be computed at the expiration of the sentence imposed at 1727 CD 1983 [driving under the influence of alcohol].

N.T. at 4–5 (July 24, 1984).[4]

Appellant was thereafter re-appointed counsel from the Public Defender's Office. On July 31, 1984, appellant filed a motion for modification of sentence as to each conviction. This motion was denied and, on August 7, 1984, appellant filed his appeal from the judgments of sentence entered on July 24, 1984.

Pursuant to the rules of appellate procedure, "the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R. A.P. 903(a). In appeals from criminal convictions, therefore, the time for the filing of the notice is within thirty days of sentence. *See Commonwealth v. Gordon,* 329 Pa.Super. 42, 477 A.2d 1342 (1984). Appellant was sentenced on the driving under suspension charge on February 13, 1984, although the court delayed the effectiveness of that sentencing order until February 23, 1984. Under our rules of appellant procedure, appellant therefore should have filed his notice of appeal from that judgment of sentence within thirty days of February 23, 1984. Because appellant did not file his notice of appeal until August 7, 1984, the present appeal as to 1727(b) CD 1983, driving under suspension, is untimely.

Nevertheless, we will consider appellant's arguments. "To constitute an effective waiver [of appellate rights], it must appear that there was an 'intentional relinquishment or abandonment of a known right.'" *Commonwealth v. Collins,* 295 Pa.Super. 380, 383, 441 A.2d 1283, 1284 (1982) (citing *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)); *U.S. ex rel. Boyd v. Rundle,* 308 F.Supp. 184, *aff'd.* 437 F.2d 405 (3rd Cir.1970); *Commonwealth v. Mack,* 451 Pa. 319, 304 A.2d 93 (1973);

---

**4.** The docket entries for July 24, 1984, also reflect this re-imposition of sentence and the fact that it is to run consecutive to the sentence on the DUI conviction.

*Commonwealth v. Maloy,* 438 Pa. 261, 264 A.2d 697 (1970); *Commonwealth v. Wilson,* 430 Pa. 1, 241 A.2d 760 (1968); *Commonwealth v. Ross,* 289 Pa.Super. 104, 432 A.2d 1073 (1981); *Commonwealth v. Henderson,* 231 Pa.Super. 190, 331 A.2d 824 (1974)). *See also Commonwealth v. Passaro,* 504 Pa. 611, 476 A.2d 346 (1984) ("constitutional right to appellate review is a personal right which may be relinquished only through a knowing, voluntary and intelligent waiver"). Following sentencing on February 13, and after the jury returned its verdict on the DUI charge, the trial court informed the appellant of his right to file post-verdict motions and also advised him, "[i]f you filed no post-trial motions of any kind and you were then sentenced by the Court, you would have thirty days from that date to take an appeal from the imposition of the sentence...." N.T. at 55 (February 13, 1984). We cannot conclude from this that appellant was adequately informed of the necessity of filing a notice of appeal within thirty days of the effective date of sentence, February 23, 1984, especially in view of the procedural complexity which accompanied concurrent jury and non-jury trials.[5] Consequently, we cannot conclude that appellant waived his right to appeal in a knowing, voluntary and intelligent fashion. We will not quash the appeal.

■ Appellant first contests the sufficiency of the evidence on each of his convictions, i.e. misdemeanor, driving under the influence; and summary offense, driving while license suspended. Appellant attempted to raise these arguments below with the following post-verdict motion:

15. The evidence as to each count was not sufficient as a matter of law to sustain the verdict.

Appellant's Motion in Arrest of Judgment. Appellant did not endeavor to supplement this boiler-plate allegation through his amended post-verdict motions. This court has

5. We also note that appellant did file post-verdict motions on February 23, 1984. Therefore, in light of what was said at the post-trial colloquy, appellant could reasonably have believed that the thirty day appeal period did not begin to run.

definitively admonished such motion practice. We have expressly opined:

> A boiler plate motion, either that "the evidence was insufficient to support the verdict," or that "the verdict was against the weight of the evidence," is not a "precise statement of issues and grounds relied upon." Such assignments of error not only do not "foster" but discourage "alert and zealous advocacy," for anyone may make them without giving thought to what the issues really are. While "reflective and reasoned judgments by the court" may not be impeded, they will at least not be fostered, by boiler plate. As the Court stated in [Commonwealth v.] *Waters* [477 Pa. 430, 384 A.2d 234]:
>
>> In sum, the insistence upon the requirement of specific written post-verdict motions in accordance with Rule 1123(a) enhances the quality of review; encourages professional advocacy; discourages pursuit of frivolous claims; and promotes judicial economy.
>
> *Id.*, 477 Pa. at 435, 384 A.2d at 237 (footnote omitted).
>
> We are persuaded by *Waters* to two conclusions: First, if counsel believes that the evidence was insufficient to support the verdict, the post-verdict motion should specify *in what respect* that was so.

*Commonwealth v. Holmes,* 315 Pa.Super. 256, 266, 461 A.2d 1268, 1273 (1983). The court then concluded that such boilerplate motions will not preserve any issue for appellate review. Accordingly, we find waived appellant's contention that the evidence was insufficient to sustain the verdicts.

Appellant's second argument is that trial counsel was ineffective for failing to object to the court's charge to the jury. Specifically he asserts that trial counsel should have objected to the trial judge's failure to instruct the jury that the Commonwealth has a burden to prove *each* element of the crime beyond a reasonable doubt.

Appellant correctly cites *Commonwealth v. Bishop,* 472 Pa. 485, 372 A.2d 794 (1977), for the proposition that "[t]he defense had an absolute right to have the jury instructed not only as to the quantum of proof required to establish

guilt but also that the requirement extended to each of the material elements of the offense." *Id.*, 472 Pa. at 490, 372 A.2d at 796. As the court in *Bishop* also stated, however, "In determining the adequacy of the instructions to the jury on the relevant legal principles the charge must be read as a whole." *Id.* (citing *Commonwealth v. Rodgers*, 459 Pa. 129, 327 A.2d 118 (1974); *Commonwealth v. Fell*, 453 Pa. 531, 309 A.2d 417 (1973); *Commonwealth v. Franklin*, 438 Pa. 411, 265 A.2d 361 (1970)). Reviewing the charge given in the present case, we conclude that it was adequate to guide the jury's deliberations. The court properly defined the Commonwealth's burden as proving guilt beyond a reasonable doubt and, although perhaps in not the optimal manner, did in fact charge that "the Commonwealth has the burden of proving each and every element of a criminal act ...." We therefore disagree with appellant that his trial counsel should have objected to the jury charge; counsel will not be deemed ineffective.

Thirdly, appellant alleges that his trial counsel was ineffective for failing to raise the issue of appellant's right to a speedy trial. Pursuant to Pennsylvania Rule of Criminal Procedure 1100, trial must commence no later than 180 days from the date of the complaint. The run date in the present case was December 13, 1983. However, appellant was not brought to trial until February 10, 1984.

Rule 1100 provides that in calculating the period for commencement of trial, the following time periods will be excluded: (1) the period of time between the filing of the complaint and the defendant's arrest; (2) any period expressly waived by the defendant; (3) any period of delay which results from (i) the unavailability of the defendant or his attorney or (ii) any continuance granted at the request of the defendant or his attorney. Pa.R.Cr.P. 1100(d). Instantly, the appellant waived from inclusion the time between January 16, 1984 and the date of trial. Therefore, the only delay at issue is that from December 13, 1983 until January 16, 1984.

■ The Commonwealth on appeal asserts that this period of delay is chargeable to the appellant. It alleges that the continuances granted by the court on November 17, 1983 and December 13, 1983 were at the request of the defendant who appeared without counsel. If accurate, this statement of the facts might be sufficient to discount the delay. However, the facts asserted by the Commonwealth in its brief do not appear in the record. Accordingly, this court cannot properly consider them. *See, e.g., Commonwealth v. Quinlan,* 488 Pa. 255, 412 A.2d 494 (1980); *Commonwealth v. Griffis,* 310 Pa.Super. 547, 456 A.2d 1071 (1983). *See also* Pa.R.A.P. 1921.

Rather, on the facts properly before us, we agree with the appellant that there appears of record no extension nor excludable time between December 13, 1983 and January 16, 1984. We therefore are constrained to remand this allegation of ineffectiveness to the trial court for an evidentiary hearing concerning trial counsel's basis for not asserting appellant's Rule 1100 rights.[6]

Appellant next argues that trial counsel was ineffective for failing to object to the admission of a document from the Pennsylvania Department of Transportation, Bureau of Traffic Safety. The Commonwealth introduced this certified statement of the appellant's operating record for the purpose of showing that on June 8, 1983, appellant's driving privileges were suspended following a violation of 75 Pa. C.S. § 3731, driving under the influence of liquor or drugs.[7]

---

6. Although appellant raised this allegation of ineffectiveness in post-verdict motions, no hearing was held to determine its merits.

7. Pursuant to 75 Pa.C.S. § 1543(b),

Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1000 and to undergo imprisonment for a period of not less than 90 days.

Except for those cases covered by subsection (b), ordinarily any person who operates a motor vehicle while under suspension or

■ Appellant contends that his trial counsel should have objected to the admission of this evidence on the grounds that it was not an official record and therefore constituted inadmissible hearsay. This court has previously rejected this argument and ruled that certified records from the Bureau of Traffic Safety do indeed fall under the official record exception to the hearsay rule. *Commonwealth v. Burkett,* 300 Pa.Super. 72, 445 A.2d 1304 (1982). Appellant's trial counsel therefore cannot be deemed ineffective for failing to assert a frivolous objection. *See, e.g., Commonwealth v. Moore,* 300 Pa.Super. 488, 446 A.2d 960 (1982).

■ The fifth issue raised by appellant is that his trial counsel was ineffective for eliciting testimony regarding the appellant's history of alcohol related problems. The following exchange took place at trial between trial counsel and the appellant:

Q NOW, MR. MARTIN, THIS CASE INVOLVES USE OF ALCOHOL OR DRIVING UNDER THE INFLUENCE OF ALCOHOL. HAVE YOU HAD PROBLEMS WITH ALCOHOL IN THE PAST?

A YES, I HAVE BEEN IN AND OUT OF TROUBLE PRETTY NEAR EVER SINCE I GOT OUT OF THE ARMY. IT'S ALL BEEN ALCOHOL RELATED.

Appellant argues that this evidence could not have been elicited by the Commonwealth because of its prejudicial nature. On the record before us, however, we cannot say that such trial strategy constitutes *per se* ineffective assistance of counsel. *Cf. Commonwealth v. Rawles,* 501 Pa. 514, 462 A.2d 619 (1983) (decisions within the realm of sound trial strategy do not form the basis for a finding of ineffective assistance of counsel). We therefore remand this issue for an evidentiary hearing to determine the reasonableness of counsel's decision to elicit testimony concerning appellant's history of alcohol-related problems.[8]

revocation is guilty of a summary offense and, upon conviction, shall be sentenced to pay a fine of $200. 75 Pa.C.S. § 1543(a).

**8.** *See* note 6 *supra.*

▮▮▮ Appellant asserts that his trial counsel was ineffective for failing to request a poll of the jury following the announcement of the verdict. There is a presumption in the law that counsel is effective; the burden of establishing ineffectiveness rests squarely upon the appellant. *See Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984); *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981). Fundamental to satisfying this burden is appellant's obligation to demonstrate that he has been prejudiced by counsel's alleged omissions. *See Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984); *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 482 A.2d 968 (1984). In the present case, appellant offers no evidence that any of the jurors did not voluntarily join in the announced verdict and so we cannot conclude that appellant has been somehow adversely affected by the failure to request a jury poll. There is no merit to this allegation of ineffectiveness.

Appellant next alleges that trial counsel was ineffective for having appellant testify in defense of the charge for driving while operating privileges were suspended. The ABA Standards for Criminal Justice provide:

> Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what pleas to enter; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf.

ABA Project on Standards for Criminal Justice, Standards Relating to the Defense Function § 5.2(a), at 237–38 (approved draft, 1971), *quoted with approval in Commonwealth v. Boyd,* 461 Pa. 17, 29, 334 A.2d 610, 616 (1975). The comment to this section provides in part:

> In making each of these decisions—whether to plead guilty, whether to waive jury trial and whether to testify—the accused should have the full and careful advice of his lawyer. Although counsel should not demand that his own view of the desirable course be followed, he is free to engage in fair persuasion and to urge his considered

professional opinion on his client. Ultimately, however, because of the fundamental nature of these three decisions, crucial in such basic matters governing his own fate, the decisions on these matters belong to the accused.

*Id.*

In *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975), the defendant asserted that his counsel had been ineffective for failing to request a jury trial. The *Boyd* court stressed that, as dictated by the ABA Standards, "the decision to waive a jury trial is ultimately and solely the defendant's [;] a defendant must bear the responsibility for that decision." *Id.*, 461 Pa. at 29–30, 334 A.2d at 616 (quoting *Commonwealth v. Stokes*, 450 Pa. 167, 173 n. 1, 299 A.2d 272, 276 n. 1 (1973)). Therefore, the court concluded:

Counsel's advice to waive a jury trial can be the source of a valid claim of ineffective assistance of counsel only when 1) counsel interferes with his client's freedom to decide to waive a jury trial, cf. *Commonwealth v. Stokes*, supra, or 2) appellant can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of the right. Where an appellant merely claims, as in the present case, that his decision was a strategic error, and can point to no specific incidents of counsel impropriety, he must bear the responsibility for that decision and cannot shift the blame to counsel.

*Id.* 461 Pa. at 30, 334 A.2d at 617.

Similarly in the present case, the decision to testify in his own behalf was "ultimately and solely the defendant's." In light of the principle espoused in *Boyd*, we hold that in order to support a claim that counsel was ineffective for "putting" the appellant on the witness stand, the appellant must demonstrate either that (1) counsel interfered with his client's freedom to decide to testify, or (2) appellant can point to specific advice of counsel so unreasonable as to vitiate a knowing and intelligent decision to testify in his own behalf. Appellant in the case at bar does

not satisfy this standard. Rather he relies on what amounts to a claim of strategic error without pointing to specific incidents of counsel impropriety. We therefore will not find trial counsel ineffective on this ground.

Appellant also contends that his trial counsel was ineffective for failing to demur to the Commonwealth's evidence on the charge of driving while under suspension, section 1543(b).

In order to attain a conviction under section 1543(b),[9] the Commonwealth must prove beyond a reasonable doubt, *inter alia*, that the defendant had notice of the suspension of his operator's license. *See Commonwealth v. Burkett*, 300 Pa.Super. 72, 445 A.2d 1304 (1982); *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975). Instantly, the Commonwealth introduced into evidence a certified statement of the appellant's operating record. This statement notes that official notice of the suspension of appellant's driver's license was mailed on February 17, 1983 [10] and that an "affidavit" was received by the Department of Transportation on March 22, 1983.

In *Commonwealth v. Kane*, 460 Pa. 582, 333 A.2d 925 (1975), the Pennsylvania Supreme Court held that evidence that a notice of suspension had been mailed, standing alone, is not sufficient to prove beyond a reasonable doubt that the defendant had actual notice of his suspension. However, where there is additional evidence, for example that the defendant returned his license to the Bureau of Traffic Safety pursuant to 75 Pa.C.S. § 1541, then the evidence may be sufficient to demonstrate actual notice. *See Commonwealth v. Burkett*, 300 Pa.Super. 72, 445 A.2d 1304 (1982).

In the present case, the Commonwealth offered evidence that the notice of suspension was mailed. The only additional evidence presented by the Commonwealth

9. *See* note 1 *supra.*

10. The statement indicates that appellant's operating privileges were suspended for a six month period effective March 4, 1983.

which might suggest that the notice was in fact received was the notation on the appellant's certified driving record that an "affidavit" was received by the Department on March 22, 1983. There is nothing in the record to indicate the specific nature of this "affidavit" and we therefore are unable to determine whether it demonstrates actual notice as in *Burkett.* Absent proof of appellant's actual knowledge of the suspension, a demurrer to the charge under section 1543(b) should have been sustained. Appellant's trial counsel therefore may have been ineffective. In order to determine the validity of this claim, however, we must remand for an evidentiary hearing as to the nature of the "affidavit" reported in the appellant's driving record and as to trial counsel's rationale for failing to file a demurrer.[11]

 Appellant also argues that in order to prove a violation of section 1543(b) for operating a motor vehicle while under suspension for a conviction of driving under the influence, the Commonwealth must prove that conviction independently, i.e. by introducing the actual record of the DUI conviction. We disagree.

Section 1543 of the Motor Vehicle Code makes it a summary offense for a person to drive a motor vehicle on any highway or trafficway in the Commonwealth when their operating privileges have been suspended, revoked or recalled. Ordinarily, a violator of this statute is subject to a fine of $200. 75 Pa.C.S. § 1543(a). However, if the defendant's operating privileges have been suspended or revoked because of a prior conviction for driving under the influence of alcohol or drugs,[12] or for refusal to submit to a chemical blood-alcohol test,[13] then the violator is subject to a fine of $1000.00 and imprisonment for not less than 90 days. *Id.*

11. *See* note 6 *supra.*

12. *See* 75 Pa.C.S. § 1532(b)(3) (Purdon Supp.1985) ("The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or controlled substance) or an adjudication of delinquency based on section 3731.").

13. *See* 75 Pa.C.S. § 1547(b)(1) (Purdon Supp.1985) ("If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to

§ 1543(b). In order to prove an offense under subsection (b), the Commonwealth need only prove that the defendant's suspension or revocation of operating privileges was *based* on a conviction for driving under the influence or refusing to submit to a blood-alcohol test; it need not prove the *fact* of the conviction or the refusal. The defendant's interest in having, for example, the DUI conviction proven independently are protected in the first instance by section 1532(b)(3) which provides that suspension will take place only upon receipt by the Motor Vehicle Department of a *certified record of the driver's conviction.* If a defendant then wants to challenge the suspension, he may do so directly as provided in section 1550.[14] When on trial for a violation for section 1543(b), however, it is the fact of *suspension* which is wholly relevant, not the fact of the earlier conviction.

In the present case, the Commonwealth properly and adequately demonstrated through the appellant's certified

submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.").

**14.** Section 1550 provides:

> **(a) General rule.**—Any person denied a driver's license or whose operating privilege has been recalled, canceled, suspended or revoked by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

> **(b) Supersedeas.**—The filing of the petition shall operate as a supersedeas and no recall, suspension, cancellation or revocation shall be imposed against such person until final determination of the matter.

> **(c) Proceedings of court.**—The court shall set the matter for hearing upon 30 days written notice to the department and determine whether the petitioner is in fact the person whose operating privilege is subject to the recall, suspension, cancellation or revocation.

75 Pa.C.S. § 1550 (Purdon Supp.1985). The relevant section of Title 42 states:

> [A]n appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

42 Pa.C.S. § 5571(b) (Purdon 1981).

driving record that his operating privileges had been suspended because of an earlier conviction for driving under the influence of alcohol or drugs. A demurrer to the Commonwealth's evidence on the grounds that the DUI conviction had not been independently proven would have been properly overruled. Hence, appellant's trial counsel was not ineffective for failing to pursue that claim.

▇▇▇▇▇ The final issue raised by the appellant is whether the lower court lacked jurisdiction when it re-imposed sentence on the driving under suspension conviction.[15] Appellant had been originally sentenced on February 13, 1984, to a term of ninety days imprisonment plus a $1,000.00 fine. On July 24, 1984, the same sentence was re-imposed, but this time it was made consecutive to the sentence imposed at 1727 CD 1983, driving while intoxicated.

The general rule regarding a trial court's power to modify a sentence is that

> except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505 (1981). Additionally, "[w]e have consistently held that the trial court lacks jurisdiction to modify a sentence once the thirty day period for filing an appeal has passed." *Commonwealth v. Gordon*, 329 Pa.Super. 42, 49, 477 A.2d 1342, 1345 (1984) (citing *Commonwealth v. Lynch*,

---

**15.** Appellant also alleges that in re-sentencing on the driving while suspended charge, the trial court violated his rights against double jeopardy. It is true that a defendant's sentence, once ordered, cannot be later increased without infringing on that defendant's fifth amendment rights. *See, e.g., Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971); *Commonwealth v. Grady*, 309 Pa.Super. 187, 455 A.2d 112 (1983). However, a violation of the double jeopardy clause occurs only if the sentence is increased *after* the defendant has begun serving it. *See Commonwealth v. Allen*, 443 Pa. 96, 277 A.2d 803 (1971); *Commonwealth v. Unger*, 315 Pa.Super. 408, 462 A.2d 259 (1983). In the present case, appellant had not yet begun to serve the sentence imposed on February 13 when he was re-sentenced on July 24. N.T. at 5–6 (July 24, 1984). Therefore, the re-imposition of sentence did not violate his rights against double jeopardy.

304 Pa.Super. 248, 450 A.2d 664 (1982); *Commonwealth v. Corson*, 298 Pa.Super. 51, 444 A.2d 170 (1982); *Commonwealth v. Canady*, 297 Pa.Super. 292, 443 A.2d 843 (1982)). Here the lower court attempted to modify appellant's sentence, by making it consecutive, five months after it was originally entered. This it could not do. We, therefore, must vacate the sentence imposed on July 24, 1984, at 1727(b) CD 1983, on appellant's conviction for driving under suspension.[16]

Judgments of sentence imposed on February 13, 1984 and July 24, 1984 are vacated. Case remanded for hearings in accordance with this opinion. If the hearing court finds no merit to appellant's allegations of ineffective assistance of counsel, it is to reinstate the sentences imposed on February 13, 1984 at 1727(b) CD 1983 and on July 24, 1984 at 1727 CD 1983, to run concurrently. If trial counsel is found ineffective, then appellant shall be awarded an appropriate new trial. Jurisdiction is relinquished.

---

**16.** In light of our disposition, we need not address the merits of appellant's claim that the imposition of consecutive sentences rendered the total sentence excessive.