## Commonwealth v. Concannon

*Gary E. Hartman, district attorney,* for the Commonwealth.
*Walton V. Davis,* for defendant.

SPICER, *P.J.,* October 22, 1986—Defendant has filed post-verdict motions to bench verdicts of guilty to three charges of driving under suspension. Under law applicable to this case, defendant is subject to a fine of $200 for the first offense and fines of not less than $200 nor more than $1,000 and imprisonment of one year on each of the other two charges.

The following facts were presented at the bench trial.

### Citation No. 9591

An accident occurred in the parking lot of a convenience store (7-Eleven) in Gettysburg on September 27, 1985. Defendant was involved and testified that he called the police. This was neither admitted nor contradicted by the police. Larry Runk, a member of the borough police force, arrived at approximately 11:30 p.m. and conducted an investigation. Defendant did not have an operator's license in his possession. Officer Runk processed information into a Department of Transportation (DOT) computer system and discovered that defendant's operating privileges were under suspension. He informed defendant of this fact and told defendant not to drive. Defendant said he would not, but, while the officer was occupied elsewhere, drove away.

Officer Runk observed defendant driving on Chambersburg Street and filed a citation. The citation was based upon defendant's driving after the officer's warning.

An arrest warrant was issued after defendant failed to respond to the citation.

## Citation No. 9799

Officer Cytha Grissom of the Gettysburg Police Department saw defendant driving at what she described as a high rate of speed on October 27, 1985. She stopped him at approximately 1:10 a.m. but issued no citations on the scene. DOT's computer was not in service. Defendant was unable to produce an operator's license. The officer asked defendant if his license was good and was answered in the affirmative. Defendant was allowed to drive away.

The following day, the officer checked the DOT computer and discovered that defendant's license was suspended. The citation was then filed.

## Citation No. 10365

Officer Runk saw defendant driving about 6:15 p.m. on January 17, 1986 in the borough. The officer knew that the warrant issued in September was outstanding and also knew DOT's records still indicated that defendant was under suspension.

Defendant, after being stopped, could not produce his driver's license. He told Officer Runk that his license had not been restored but that he was working on it.

## All Cases

Commonwealth introduced certified DOT records at trial as Exhibits 1 and 2. These show that defendant's operating privileges were suspended on August 5, 1982, because of defendant's failure to respond to Philadelphia Citation 5468467. The notice, in Exhibit 2, states in part:

"E. You will not be permitted to operate a motor vehicle until you have been advised in writing by this bureau that your privilege has been reinstated."

The exhibits indicate mailing dates of October 12, 1982 and July 15, 1982, but do not contain proof of receipt or any indication that defendant returned his license to the bureau.

DOT notices were mailed to defendant at 605 West Avenue, 2nd Floor, Jenkintown, Pa. 19046. Citations 9591 and 9799 were mailed to a Fairfield address. Defendant testified that the addresses were correct but denied receiving any DOT notices or either citation.

Defendant also testified that he had a driver's license but was not asked at trial to produce it. He said his inability to produce it for police inspections was not related to suspension but he did not explain why he did not have a license during any of the three stops. He said he did not recall, but did not deny that Officer Runk told him not to drive.

Obviously, something was said to defendant to call his attention to his suspended status. He said he worked on license problems prior to November 17, 1985 and had a family member pay the Philadelphia citation. He produced correspondence from the Philadelphia Municipal Court indicating payment on October 31, 1985 and said he was just waiting for the bureaucracy to work.

We will address defendant's three arguments in what we consider to be logical order, not in the order presented.

The statute, 75 Pa.C.S. §1533, provides for suspension for failure to respond to a citation for an indefinite period "until such person shall respond and pay any fines and penalties imposed."

Defendant argues that he could not have been properly charged with a violation of 1543(a) after he

paid his Philadelphia fine, no matter what DOT records indicated. Apparently, he is correct.

Superior Court, in Commonwealth v. Fay, 320 Pa. Super. 399, 467 A.2d 384 (1983), "reluctantly" held that a person cannot be convicted of driving under suspension after the period of suspension ends but before license privileges are restored. The undersigned cannot distinguish this case from the one at bar and therefore grants the motion in arrest of judgment for Citation 10365.

Defendant argues that DOT records cannot support a conviction because (a) they do not indicate that proper notice was given of the Philadelphia citation and (b) DOT records do not show actual notice of the suspension.

The Bucks County Court in Commonwealth v. Utley, 13 D.&C.3d 643 (1980), held that DOT's records must indicate that notice of a citation must be shown; otherwise, a prosecution may not be maintained.

The act, 75 Pa.C.S. §1533 provides that DOT shall suspend for failure to respond to a citation "upon being duly notified in accordance with general rules."

The question is whether this is a condition which should be litigated on appeal from a license suspension or is a requirement for prosecution. The Utley court believed it a small requirement to impose on DOT to have its records reflect that proper notice was given. The undersigned expresses no opinion on the burden but holds that it is a matter properly presented in suspension appeals, not in prosecutions.

Superior Court has said:

"In order to prove an offense under subsection (b), the Commonwealth need only prove that the defendant's suspension or revocation of operating

privileges was based on a conviction for driving under the influence or refusing to submit to a blood-alcohol test; it need not prove the fact of the conviction or the refusal. The defendant's interest in having, for example, the DUI conviction proven independently are protected in the first instance by section 1532(b)(3) which provides that suspension will take place only upon receipt by the Motor Vehicle Department of a certified record of the driver's conviction. If a defendant then wants to challenge the suspension, he may do so directly as provided in section 1550: When on trial for a violation for section 1543(b), however, it is the fact of suspension which is wholly relevant, not the fact of the earlier conviction." Commonwealth v. Martin, 346 Pa. Super. 129, 499 A.2d 344, 352 (1985).

Thus, we reject defendant's argument concerning notice of the Philadelphia citation.

The argument concerning DOT's notice requires several considerations.

The Supreme Court, in Commonwealth v. Kane, 460 Pa. 582, 333 A.2d 925 (1975), held that proof of mailing was admissible but not, of itself, sufficient to prove notice. The court did not specifically discuss the context of the holding, but it is fairly clear that it dealt with culpability requirements, not statutory construction. The statute, 75 Pa.C.S. §1551, requires notice but does not state that suspensions are effective only upon notice being given. Superior Court language also indicates this is a culpability issue.

In Commonwealth v. Martin, supra, 499 A.2d at 351, the court stated:

"In order to attain a conviction under section 1543(b), the Commonwealth must prove beyond a reasonable doubt, inter alia, that the defendant had notice of the suspension of his operator's license.

See Commonwealth v. Burkett, 300 Pa. Super. 72, 445 A.2d 1304 (1982); Commonwealth v. Kane, 460 Pa. 582, 333 A.2d 925 (1975) Instantly, the Commonwealth introduced into evidence a certified statement of the appellant's operating record. This statement notes that official notice of the suspension of appellant's driver's license was mailed on February 17, 1983 and that an "affidavit" was received by the Department of Transportation on March 22, 1983.

"In Commonwealth v. Kane, 460 Pa. 582, 333 A.2d 925 (1975), the Pennsylvania Supreme Court held that evidence that a notice of suspension had been mailed, standing alone, is not sufficient to prove beyond a reasonable doubt that the defendant had actual notice of his suspension. However, where there is additional evidence, for example that the defendant returned his license to the Bureau of Traffic Safety pursuant to 75 Pa.C.S. § 1541, then the evidence may be sufficient to demonstrate actual notice. See Commonwealth v. Burkett, 300 Pa. Super. 72, 445 A.2d 1304 (1982)."

The Crimes Code, which formulates general culpability requirements, provides that generally acts, to be criminal, must involve intentional, knowing or reckless conduct. 18 Pa.C.S. § 302(a). Interestingly, general culpability requirements do not apply to summary offenses, unless "the court determines that its application is consistent with effective enforcement of the law defining the offense." 18 Pa.C.S. § 305(a)(1). Although Kane involved a misdemeanor and we deal with summary offenses, we are not bold enough to distinguish, and thus disregard, Kane on this basis. Furthermore, we think the requirement of notice to the point that defendant's actions are culpable is consistent with enforcement of § 1543.

The factual situation in Kane can be distinguished. There was a question whether DOT's notice was mailed to the correct address. This is relatively unimportant because the opinion makes it clear that mailing alone is never sufficient notice but also that notice can be shown by other means. Commonwealth v. Martin, supra.

Were we to judge this case on DOT's notice alone, we would feel impelled to arrest judgment. However, it does seem to stretch coincidental happenstance to limits defying common sense. Defendant would seem to be a unique individual who never receives official mail. However, we do not proceed on DOT's notice alone.

We think the facts in this case are sufficient to establish culpable recklessness, at least. Defendant, after being told he was under suspension by Officer Runk, agreed not to drive and then, when the officer's attention was diverted, drove.

The attached order is entered.

## ORDER OF COURT

And now, this October 22, 1986, judgment is arrested on Citation 10365. Defendant's post-verdict motions are denied as to Citations 9591 and 9799. He is directed to appear for sentencing on November 14, 1986, at 9:00 a.m. in courtroom no. 1.