552 A.2d 273

**COMMONWEALTH of Pennsylvania**

v.

**Madeline FARMER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1988.

Filed Dec. 30, 1988.

Stuart B. Suss, Assistant District Attorney, West Chester, for Com., appellee.

Before McEWEN, MONTEMURO and KELLY, JJ.

McEWEN, Judge:

Appellant has undertaken this direct appeal from the judgment of sentence to a term of not less than thirty days nor more than twenty-three months, imposed by the distinguished Judge Lawrence E. Wood after appellant pleaded guilty to the offense of driving while under the influence of alcohol. 75 Pa.C.S. § 3731.

Initially, we must determine whether this appeal is properly before us. Appellant was sentenced on January 22, 1988, but in a timely motion to modify sentence, pursuant to Pa.R.Crim.P. 1410, requested that the court vacate the judgment of sentence pending a ruling upon the motion. The court, however, did not vacate the judgment of sentence, but scheduled a hearing upon the petition for February 18, 1988. The motion for reconsideration of sentence was denied on February 18, 1988, and appellant filed a notice of appeal from the judgment of sentence on March 9, 1988.

The Superior Court, on May 31, 1988, entered an order quashing the instant appeal as untimely since it had been filed more than 30 days after the imposition of sentence. This Court, however, on July 12, 1988, in response to a petition to reinstate the appeal, reinstated the appeal with a direction to the parties to address the jurisdictional issue of the timeliness of the appeal.

Appellant concedes that an appeal must be filed "within thirty days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Appellant contends, however, that the following statements of the trial court extended the effective date of the sentence, for purposes of appeal, to February 21, 1988. This argument is based upon the following exchange between counsel and the court:

THE COURT: All right, And I can adjust the beginning point of that sentence if it's going to be helpful here.

MR. BOYER: Sir, I guess what I need to request is that bail be continued pending the filing of a motion for reconsideration and discuss the prospects of an appeal with Ms. Farmer.

THE COURT: Mr. Kane, any objections there?

MR. KANE: No, sir.

THE COURT: All right. I will continue bail pending a motion for reconsideration, but understand all that has to be concluded within 30 days or the sentence automatically commences at the end of that time.

MR. BOYER: I understand.

Appellant argues that this exchange continued the time for appeal, and relies upon *Commonwealth v. Martin,* 346 Pa.Super. 129, 499 A.2d 344 (1985). In *Martin,*

> [t]rial commenced on February 10, 1984, before a judge and a jury on the driving under the influence charge, and before the same judge without a jury on the driving while suspended charge. On February 13, the jury was charged and sent out to deliberate. In the interim, further testimony was heard on the driving while suspended offense before the judge alone. The appellant *was found guilty* by the judge on this count *and was immediately sentenced* to ninety days imprisonment, plus a $1,000.00 fine. The court then defer[red] the effectiveness of the sentence for ten days or until February 23. Subsequently, the jury returned a verdict of guilty on the DUI charge.

*Commonwealth v. Martin, supra,* 346 Pa.Superior Ct. at 133, 499 A.2d at 346 (emphasis supplied). Post-verdict motions were subsequently filed by Martin and denied, and sentence was imposed on July 24, 1984, *both* as to the DUI charge and "reaffirmed" as to the driving under suspension charge.[1]

---

1. We would note that the Criminal Procedural Rules Committee's proposed Rule 1410 would resolve the procedural complexities attend-

Martin filed a notice of appeal on August 7, 1984, within thirty days of the sentencing hearing of July 24, 1984. While the Court in *Martin* observed that "appellant should have filed his notice of appeal for that [driving while under suspension] judgment of sentence within thirty days of February 23, 1984", this statement was merely *dicta* since the court did *not* quash the appeal.

Moreover, the facts of *Martin* do not bear any resemblance to the facts of the instant case. Appellant in this instance was *not* found guilty but rather entered a plea of guilty. Post-verdict motions, therefore, could not be filed by appellant, either before or after the imposition of sentence. Moreover, appellant was aware of the 30 day time period within which to file an appeal as is evidenced by her request, in her Rule 1410 motion, that the court vacate the judgment of sentence pending a ruling upon the motion. "The mere scheduling of a hearing on a Rule 1410 motion does not affect the running of the time for appeal. Since the appeal lies from judgment of sentence the lower court *cannot* extend its time to consider a Rule 1410 motion unless it first vacates the judgment of sentence in question. It cannot simply extend the time for appeal. *See* Pa.R. Crim.P. 1410, Comments." *Commonwealth v. Leonard,* 308 Pa.Super. 292, 294, 454 A.2d 136, 137 (1982) (emphasis supplied).

The trial court in the instant case did not vacate the judgment of sentence, but did, in fact, deny the Rule 1410 motion prior to the expiration of the appeal period. Appellant could have filed her notice of appeal simultaneously with her Rule 1410 motion or immediately following the denial of her Rule 1410 motion. She did neither. Nor may it be said that by the order of accommodation continuing bail and extending the time within which appellant was to report to begin serving her sentence, did not mislead appellant as to the time within which an appeal had to be filed.

ant to cases such as Martin. *See:* Pennsylvania Bulletin, Vol. 18, No. 34, August 20, 1988.

452

We are, therefore, constrained to quash this appeal as untimely.

APPEAL QUASHED.