613 A.2d 603

**COMMONWEALTH of Pennsylvania**

v.

**Walter PRESTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 10, 1992.

Filed Sept. 18, 1992.

126

Larry Feinstein, Wyncote, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Comm., appellee.

BEFORE: ROWLEY, President Judge, and BECK and MONTGOMERY, JJ.

ROWLEY, President Judge:

In this appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, appellant Walter Preston raises two issues: (1) whether trial counsel was ineffective for failing to object timely and on the proper basis to several statements erroneously admitted by the trial court as prior consistent statements of the complainant; and (2) whether trial counsel was ineffective for failing to engage in a legally sufficient full consultation with appellant concerning appellant's right to testify and for unreasonably advising him not to testify. After reviewing the record, we affirm the judgment of sentence.[1]

On May 13, 1991, the trial court, sitting without a jury, found appellant guilty of involuntary deviate sexual intercourse, rape, statutory rape, indecent assault, simple assault, indecent exposure, endangering the welfare of children, corruption of minors, and recklessly endangering another person. The charges arose out of incidents involving appellant's six-year-old stepdaughter. Appellant, through his public defender, filed post-verdict motions. Before those motions were considered by the trial court, appellant requested new counsel. Present counsel was appointed on October 31, 1991. He filed amended post-verdict motions *nunc pro tunc*, raising the two issues argued in this appeal. After an evidentiary hearing, the trial court denied the post-verdict motions and sentenced appellant to an aggregate term of imprisonment of five to ten years. This timely appeal was then filed.

■ In his first issue, appellant contends that counsel was ineffective for failing to properly object to statements erroneously admitted by the trial court as prior consistent statements of the complainant. Specifically, a doctor, a social worker, and a police officer who interviewed the complainant testified to statements made by her to them concerning the

1. We note that although the Commonwealth has failed to file an appellate brief, we have decided this case on its merits. We have done so, however, only in the interests of judicial economy. Our decision should not be considered as an approval of the Commonwealth's failure to address the issues raised in this appeal.

assaults upon her. At trial, the testimony was admitted as prior consistent statements of the complainant. In its opinion, the trial court cited *Commonwealth v. Rakes*, 398 Pa.Super. 440, 581 A.2d 212 (1990), in support of its ruling. In *Rakes*, this Court stated, "It is well-settled that testimony regarding prior statements made by a declarant is admissible when the declarant is present in court and available for cross-examination. Moreover, this rule specifically has been applied in cases where the declarant is a child victim of a sexual assault." *Id.*, 398 Pa.Superior Ct. at 446–47, 581 A.2d at 216 (citations omitted). This Court in *Rakes* held that the trial court properly admitted testimony of a counselor and psychologist concerning statements made to them by the victim which implicated the defendant. In so doing, we distinguished *Commonwealth v. Haber*, 351 Pa.Super. 79, 505 A.2d 273 (1986), in which such testimony was held to be inadmissible:

In *Haber*, the victims were aged four and five at the time of the alleged sexual abuse. Furthermore, the five-year-old victim in that case was not permitted to testify to the identity of the alleged molester. However, the mothers of both victims were permitted to testify at trial as to what the victims had told them about the molestation, which included statements from the victims concerning the identity of the assailant. We noted that 'this testimony was crucial to the Commonwealth's case because the testimony of the children themselves consisted mostly of monosyllabic answers to leading questions, and both children repeatedly stated that they were unable to remember details about what happened. The *Haber* court further noted that the testimony of both mothers were [sic] admitted despite the limitation on the one victim's testimony, which prevented her from being questioned about her identification of her molester. For this reason, we held in *Haber* that the testimony of the victims' mothers as to what their children had told them was inadmissible hearsay. Here, unlike *Haber*, the victim is fifteen years old, was available at trial for full cross-examination, and the case against appellant was fully established through the victim's testimony. The out-of-court testimony

here did not include details concerning elements of the offense that the victim herself was unable to provide. Thus, *Haber* does not require reversal in this case.

*Rakes, supra* 398 Pa.Super. at 448, 581 A.2d at 216–17 (citations omitted). In his brief, appellant relies on *Commonwealth v. Smith*, 402 Pa.Super. 257, 586 A.2d 957 (1991), in which this Court followed *Haber* and distinguished *Rakes:*

> [U]nlike *Rakes,* the Commonwealth's case here was not fully established through S.L.'s testimony at trial. A comparison of the officers' testimony with S.L.'s testimony shows that the officers' testimony was crucial to the Commonwealth's case, as the testimony of these witnesses supplied many missing details regarding the time, place and frequency of the events and elements of the offenses which S.L. failed to provide at trial.

*Id.,* 402 Pa.Superior Ct. at 272, 586 A.2d at 965.

In the present case, the complainant had some difficulty verbalizing the sexual abuse which occurred. However, through the use of anatomically correct dolls and through her testimony she provided sufficient evidence to fully establish the Commonwealth's case. Although the other witnesses testified in a more coherent and detailed manner, their testimony was not necessary to prove elements of the offenses which the complainant failed to prove. Accordingly, the trial court did not err in admitting this testimony and trial counsel was not ineffective.

■ In his second issue, appellant contends that trial counsel was ineffective for not fully consulting with him concerning his right to testify and for advising him not to testify. In reviewing this claim, we apply the following principles:

> The decision whether to testify in one's own behalf is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for 'failing to call the appellant to the stand', [the appellant] must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and

intelligent decision by the client not to testify in his own behalf.

*Commonwealth v. Bazabe,* 404 Pa.Super. 408, 414, 590 A.2d 1298, 1301 (1991), *allocatur denied,* 528 Pa. 635, 598 A.2d 992 (1991). A claim of strategic error absent a showing of specific incidents of counsel's impropriety will not satisfy this standard. *Commonwealth v. Martin,* 346 Pa.Super. 129, 143, 499 A.2d 344, 351 (1985).

■ In the present case, appellant contends that counsel's performance was deficient because counsel did not fully consult with him regarding his right to testify and because counsel unreasonably advised him not to testify. Both appellant and trial counsel testified at the post-verdict motions hearing. Appellant testified that he did not have an opportunity to speak with counsel regarding whether or not he should testify. He testified that he asked counsel whether he should testify and counsel told him that it was not necessary for him to take the stand. Appellant further testified that he followed this advice because he was ignorant of the system and stunned by the events of the trial.

Trial counsel testified that after the Commonwealth presented its case-in-chief, he and appellant discussed whether appellant should testify. He advised appellant not to do so because he thought that he had created a reasonable doubt through his cross-examination of the Commonwealth's witnesses. Trial counsel further testified that appellant's testimony would have added nothing to the defense but would have only created a "swearing contest" between him and the Commonwealth's witnesses. Finally, trial counsel stated that he was afraid that appellant, who was inexperienced in trial matters and who was upset, would not have fared well under the prosecutor's vigorous cross-examination.

Although, as appellant points out, trial counsel did not elaborate on the details of his consultation with appellant, he did testify that they discussed the matter, that he advised appellant not to testify, and that appellant agreed. Nothing in the record indicates that appellant was unaware of his right to testify or that counsel interfered with this right. Further-

more, on the basis of this testimony the trial court concluded that counsel's strategy had a reasonable basis designed to effectuate appellant's interests. We agree. Accordingly, we conclude that counsel was not ineffective, and we affirm the judgment of sentence.

Judgment of sentence affirmed.