J-S34004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE GLEN ADAMS | |
| Appellant | No. 275 MDA 2015 |

Appeal from the PCRA Order January 9, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001387-2007

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE GLEN ADAMS | |
| Appellant | No. 276 MDA 2015 |

Appeal from the PCRA Order January 9, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000484-2008

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE GLEN ADAMS | |
| Appellant | No. 277 MDA 2015 |

Appeal from the PCRA Order January 9, 2015

In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000781-2008

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 23, 2016**

In this consolidated appeal, Appellant, Lawrence Glen Adams, appeals from the order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). Adams's petition raised claims against sentences imposed at three separate trial court docket numbers. The PCRA court ruled that Adams's claims regarding docket number CP-14-CR-0000781-2008 were untimely. After hearings, the PCRA court ruled that Adams's remaining claims of trial counsel ineffectiveness did not merit relief as trial counsel pursued a reasonable trial strategy. After careful review, we affirm.[1]

The PCRA court aptly summarized the factual and procedural history of this case.

> [Adams] was charged on three separate dockets of prescribing narcotics illegally and related offenses. Following an eight day jury trial, concluding on October 31, 2008, the jury returned a guilty verdict on all counts. [Adams] was found guilty of the charges at docket CP-14-CR-0484-2008 as follows: Prescribing Outside Accepted Treatment Principles; Criminal Conspiracy to

---

[1] We decline to dismiss this appeal due to Appellant's counsel, Phillip O. Robertson, Esquire's multiple failures to comply with the Rules of Appellate Procedure governing the reproduced record. **See** Order entered 2/17/16 (deferring the issue of counsel's repeated non-compliance to the merits panel for consideration). We, however, note with dismay Attorney Robertson's unprofessional conduct in this regard. And we caution against such conduct in future appeals.

Obtain Possession of a Controlled Substance by Fraud; Dispensing/Prescribing to a Drug Dependent Person; and Refusal or Failure to Keep Required Records. [Adams] was convicted of the charges at docket CP-14-CR-1387-2007 as follows: seven counts of Prescribing Outside Accepted Treatment Principles; seven counts of Dispensing/Prescribing to a Drug Dependent Person; four counts of Delivery of, or Possession with the Intent to Deliver, a Controlled Substance; four counts of Obtaining a Controlled Substance by Misrepresentation or Fraud; four counts of Willful Dispensing of a Controlled Substance Without Proper Labeling; one count of Criminal Use of a Communication Facility; one count of Possession with the Intent to Deliver a Controlled Substance; one count of Refusal or Failure to Keep Required Records; and one count of Criminal Conspiracy to Commit Delivery of, or Possession with the Intent to Deliver, a Controlled Substance. On December 16, 2008, he was sentenced to a total of seven to fourteen years of confinement in a state correctional institution. He was re-sentenced on February 5, 2009 to a re-structured aggregate sentence of seven to fourteen years of confinement.

[Adams] pleaded guilty on or about December 18, 2008, to the charges at a third docket, CP-14-CR-0781-2008 as follows: two counts of Prescribing Outside Accepted Treatment Principles; two counts of Dispensing/Prescribing to a Drug Dependent Person; and two counts of Refusal or Failure to Keep Required Records. He was sentenced on February 5, 2009 concurrent to those sentences imposed in the other two dockets.

The Superior Court denied the appeal by Memorandum Opinion filed on May 25, 2010. On May 27, 2011, [Adams] filed a *pro se* PCRA Petition. For the trial and sentencing, [Adams] was represented by Robert Fogelnest, Esquire and Joseph Bondy, Esquire. He was represented by Robert Graci, Esquire for "sentencing correction" for a brief period of time. Following sentencing, Karen Muir, Esquire was appointed to represent [Adams] for the appeal phase. Current counsel, Terry Despoy, Esquire and Phillip Robertson, Esquire, entered an appearance in June, 2011. On February 17, 2012, a Second Amended PCRA was filed through current counsel alleging ineffective assistance of Attorney Muir for briefing only one of the four issues included in the Concise Statement of Matters Complained of on Appeal. On April 11, 2014, a Third Amended PCRA was filed through current counsel adding an argument that the sentence was

unconstitutional based on the unconstitutionality of the statute requiring mandatory minimum sentences. Evidentiary hearings on [Adams's] PCRA Petitions were held on: October 2, 2012, January 14, 2013, April 2, 2013, and November 19, 2013.

PCRA Court Opinion, 1/9/15, at 1-3. This timely appeal followed the PCRA court's denial of Adams's PCRA petition.

On appeal, Adams raises four issues. First, he contends that the PCRA court erred in dismissing his claims against the judgment of sentence in trial court docket CP-14-CR-0000781-2008 as untimely. Specifically, Adams argues that the Commonwealth waived any objection to the timeliness of his petition when it consented to an extension of time to file an amended PCRA petition.

Even assuming, for argument's sake, that the Commonwealth did waive any objection to the timeliness of the PCRA petition, we note that such a waiver would have no impact on the question of whether the PCRA court had jurisdiction to grant relief on the petition. *See Commonwealth v. Judge*, 797 A.2d 250, 256 n.13 (Pa. 2002). "[A] question of timeliness implicates the jurisdiction of our Court." *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004) (citations omitted).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A]

judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). At docket number CP-14-CR-0000781-2008, Adams was sentenced on February 5, 2009. Since he did not file a direct appeal from this judgment of sentence, it became final on March 9, 2009. *See* Pa.R.A.P. 903(a). Adams therefore had until March 9, 2010 to file a timely PCRA petition. His initial *pro se* PCRA petition was filed on May 27, 2011. Thus, the PCRA court did not have "jurisdiction to grant [him] relief unless he [could] plead and prove that one of the exceptions to the time bar provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies." ***Commonwealth v. Pursell***, 749 A.2d 911, 914 (Pa. 2000).

None of Adams's PCRA petitions explicitly pled an exception to the time bar regarding this judgment of sentence. In his appellate brief, he makes a passing argument that Attorney Muir was ineffective for failing to file a timely PCRA petition at this docket. ***See*** Appellant's Brief, at 15-16. However, ineffectiveness of prior counsel is not an exception to the PCRA's timeliness requirements. ***See Commonwealth v. Crews***, 863 A.2d 498, 503 (Pa. 2004); ***Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013). We therefore conclude that Adams's first issue on appeal does not merit relief.

Next, Adams contends that trial counsel were ineffective for a multitude of trial decisions. The PCRA court found none of these allegations meritorious, and denied relief. The common theme to the PCRA court's rulings, though by no means the only reason for its rulings, is that trial counsel had reasonable trial strategies for the decisions they made. We will focus on this prong for each of the issues raised by Adams, as we conclude that it is dispositive in each instance.

First, Adams argues that trial counsel were ineffective in failing to procure a change of venue for the trial. Adams asserts that significant negative media coverage of the case biased the jury pool to the extent that he was denied a fair trial.

In contrast, Attorney Bondy testified that he and co-counsel thoroughly discussed the issue of venue, and monitored the local news coverage of the case. **See** N.T., PCRA Hearing, 10/2/12 at 60-61, 118-122. Attorney Bondy felt that given Adams's stature in the community, and the fact that he was released on his own recognizance awaiting trial, that Adams could receive a fair trial in Centre County. **See id**., at 119. Furthermore, Attorney Bondy believed that the prosecution could be painted as a "witch hunt" arising from Adams's attempts to open a hospital in the community. **Id**. Trial counsel also thoroughly vetted jurors in *voir dire* regarding pre-trial publicity and felt that they had the ability to exclude any biased jurors. **See id**., at 60-61. Finally, Attorney Bondy testified that Adams felt that he could

receive a fair trial in Centre County. *See id*., at 188. Given this testimony, we cannot conclude that the PCRA court abused its discretion or committed an error of law in finding that trial counsel pursued a reasonable trial strategy in not requesting a change of venue.

In his second allegation of trial counsel ineffectiveness, Adams asserts that trial counsel failed to appropriately pursue a defense that he had committed these crimes under duress caused by the Commonwealth's confidential informant, Joel Conway. When asked for his reasons behind not pursuing a duress defense, Attorney Bondy testified in the following manner.

> You don't hybrid a defense, and I'll give you the example of you don't say, well, I have an alibi, but if my alibi doesn't work, it was self-defense. Maybe that's a stark example, but duress and entrapment are inconsistent. We had tapes. We had facts beyond change. We had documentary evidence which to this day I believe supported an entrapment defense.
>
> We pursued the best legal defense that we had without a doubt. The duress defense is problematic on a number of grounds, and it's problematic because I have sat here and listened there is no evidence that Dr. Adams was calling the police to try to apprise them of these threats that Mr. Conway was making against him, number one.
>
> Number two, one could say he put himself into a zone that would have foreclosed the duress defense from prevailing.
>
> And number three is some of these witnesses that we interviewed and that I spoke to – I have got one in mind particularly who talked about Joel Conway behaving in a manner that might be threatening, where people that I decided were making self-serving remarks that if put on the witness stand would undercut our defense and harm our chances of prevailing.
>
> [Co-counsel] Mr. Fogelnest and I spoke about this. We were in complete agreement. We pursued what the best legal defense

available to us was then and which I still believe to have been the best legal defense.

…

And for a long period of time, from the pretrial stages and before even we're doing anything in the courtroom, Dr. Adams understood this defense, agreed with us on this defense, and it was the best defense. And as I said, it was one that, unlike testimony from witnesses who may have had a tie to the defendant, I believed to have been borne out on the tapes.

*See id*., at 62-63. Based upon this testimony, we cannot conclude that the PCRA court erred or abused its discretion in finding that trial counsel pursued a reasonable trial strategy in choosing not to pursue a defense of duress.

Adams's third allegation of trial counsel ineffectiveness is partially related to his second allegation. Adams contends that trial counsel were ineffective in failing to call certain witnesses for the purpose of establishing Conway's conduct towards Adams. Attorney Bondy testified that he carefully chose defense witnesses to minimize the risk posed by cross-examination and to the entrapment defense. *See* N.T., PCRA Hearing, 11/19/13 at 117. For example, Attorney Bondy recognized that if he called Dr. Shawarby to testify that he had overheard Conway threatening Adams, Dr. Shawarby would be subject to cross-examination regarding Adams's continuing social and professional relationship with Conway. *See* N.T., PCRA Hearing, 10/2/12 at 68-72. Other witnesses "would have been undercut on cross-examination dramatically, cast Dr. Adams in an extremely negative and poor light in other regards, and the blow back would have been enormous." *Id*., at 67-

68. Attorney Bondy also felt that these witnesses would have been inconsistent with the entrapment defense. ***See id***., at 62-63.

Finally, Attorney Bondy testified that Adams's children were not called for several reasons. First, that Adams did not want them to be involved. ***See id***., at 67; N.T., PCRA Hearing, 11/19/13 at 115. Furthermore, Attorney Bondy felt that cross-examination of Adams's son would have cast Adams in a negative light, due to his son's criminal history. ***See id***., at 115. Finally, Attorney Bondy reiterated that evidence of Conway's alleged threats would have undercut the entrapment defense. ***See id***.

Based upon this testimony, we cannot conclude that the PCRA court abused its discretion or committed an error of law in finding that trial counsel had a reasonable strategic rationale behind not calling these witnesses.

Next, Adams argues that trial counsel were ineffective in failing to call him as a witness. "The decision to testify in one's own behalf is ultimately to be made by the accused after full consultation with counsel." ***Commonwealth v. Preston***, 613 A.2d 603, 605 (Pa. Super. 1993) (citation omitted). Attorney Bondy testified that he discussed the issue with Adams extensively, and even had practice cross-examinations with Adams, but in the end, Adams himself decided that he would not testify. ***See*** N.T., PCRA Hearing, 11/19/13 at 112-113. The PCRA court found Attorney Bondy's

testimony credible, and therefore we cannot conclude that the PCRA court erred or abused its discretion on this issue.

In his final claim of trial counsel ineffectiveness, Adams argues that trial counsel were ineffective in cross-examining certain witnesses and preparing for trial. Attorney Bondy testified at length regarding his reasoning for calling certain witnesses or raising certain issues in this case. He refused to call certain witnesses due to their weaknesses on cross-examination, and others he stated were merely cumulative. *See id*., at 116-117. Some of the witnesses were primarily relevant to the duress defense, which as noted above, trial counsel reasonably determined to be a defense that would be detrimental to Adams's trial prospects. Regarding a missing recorded conversation, Attorney Bondy testified that the Commonwealth had certified that they possessed no such recording, and therefore pursuing this issue with a witness was fruitless. *See* N.T., 10/2/12 at 74.

The PCRA court reviewed the entire record and concluded that it was satisfied that trial counsel were well prepared for trial and made reasonable strategic decisions regarding what witnesses to call and how to cross-examine the Commonwealth's witnesses. After our independent review of the record, we find that these conclusions are not an abuse of discretion or an error of law. Thus, Adams's claims of ineffective preparation by trial counsel merit no relief.

In summary, we conclude that the PCRA court did not err in finding that trial counsel had reasonable trial strategies for all of the decisions Adams challenges. We therefore conclude that no relief is due on these claims.

Next, Adams asserts a claim that appellate counsel was ineffective. Specifically, he argues that direct appeal counsel Karen Muir, Esquire, was ineffective in failing to argue more issues on appeal. Attorney Muir testified that she chose to limit her arguments on appeal to focus on the entrapment issue, which she believed to be the strongest issue. *See id*., at 241-242.

We note that "[w]hile criminal defendants often believe that the best way to pursue their appeals is by raising the greatest number of issues, actually, the opposite is true: selecting the few most important issues succinctly stated presents the greatest likelihood of success." **Commonwealth v. Robinson**, 864 A.2d 460, 480 n.28 (Pa. 2004) (citation omitted). This is because "[l]egal contentions, like the currency, depreciate through over issue." **Id**. (quoting Robert H. Jackson, "Advocacy Before the United States Supreme Court," 25 Temple L.Q. 115, 119 (1951)); **see also**, Ruggero J. Aldisert, J. "Winning on Appeal:  Better Briefs and Oral Argument," 129 (2d ed. 2003) ("When I read an appellant's brief that contains more than six points, a presumption arises that there is no merit to *any* of them.") (emphasis in original).

The PCRA court found Attorney Muir to be credible regarding her strategic decision-making and found that her decision to focus on the entrapment issue was reasonable. After independently reviewing the record, we cannot conclude that the PCRA court abused its discretion or erred in this matter. Thus, Adams's claim of appellate counsel ineffectiveness fails.

In his final issue on appeal, Adams argues that the PCRA court was improperly biased against him. Specifically, Adams identifies instances where the PCRA court declined to hear the testimony of several witnesses that Adams wished to present. However, Adams has not raised a legal challenge to these evidentiary rulings on appeal. Since "no number of failed claims may collectively warrant relief if they fail to do so individually[,]" **Commonwealth v. Spotz**, 18 A.3d 244, 321 (Pa. 2011) (citation omitted), Adams cannot establish that the PCRA court's collective rulings constitute a basis for appellate relief.

None of Adams's claims on appeal are meritorious. We therefore affirm the PCRA court's order dismissing his petition.

Order affirmed. Jurisdiction relinquished.

Judge Stabile joins the memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2016