J-S73013-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GEOFFREY HETHERINGTON | : | |
| | : | |
| Appellant | : | No. 358 WDA 2018 |

Appeal from the PCRA Order January 25, 2018
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0004012-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.: FILED FEBRUARY 27, 2019

Appellant, Geoffrey Hetherington, appeals from the order entered in the Westmoreland County Court of Common Pleas, which denied his petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On September 9, 2013, police arrested Appellant near Victim's residence after a 911 call by a neighbor for a disturbance. On September 29, 2014, the court held a bench trial and convicted Appellant of two counts of stalking and one count of terroristic threats. Appellant did not testify at trial, and the court did not conduct a colloquy regarding Appellant's right to testify. The court sentenced Appellant on December 29, 2014, to 8 to 24 months' imprisonment on each stalking conviction, to run consecutively, for an aggregate term of 16

to 48 months' imprisonment, plus 5 years' probation on the terroristic threats conviction.[1]

Appellant filed a timely PCRA petition in January 2015, which was followed by a convoluted path to review, involving multiple changes of counsel, pro se filings, procedural delays, and premature appeals, until January 25, 2017, when this Court vacated the PCRA court's September 14, 2015 order dismissing Appellant's first PCRA petition and remanded for counsel to file an amended PCRA petition or a Turner/Finley[2] no-merit letter.

On February 7, 2017, the PCRA court granted Appellant's motion to appoint new counsel to represent Appellant. On November 29, 2017, current counsel filed an amended PCRA petition, which argued trial counsel was ineffective for depriving Appellant of his right to testify at trial.[3] The PCRA court held a hearing on January 25, 2018. During the hearing, Appellant testified on direct examination that he could not recall a conversation with trial counsel, before or at trial, about Appellant's desire to testify at trial. On cross-examination, Appellant testified that counsel ignored Appellant during

_____

[1] The court held a consolidated bench trial at two different dockets, 4009-2013 and 4012-2013. Appellant is no longer serving a sentence for the stalking conviction at No. 4009-2013.

[2] Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

[3] On December 22, 2017, the court found Appellant in violation of his probation, which the court revoked, and resentenced Appellant to 5 years' probation.

trial when he asked to testify. On re-direct examination, Appellant testified that he did not have a full conversation with trial counsel with respect to testifying at trial.

On the other hand, trial counsel testified that she thoroughly advised Appellant of his rights and could not recall Appellant asking to testify at trial. Trial counsel also testified that Appellant was on probation at the time of trial for nearly identical offenses with the same victim, and counsel believed Appellant would have been susceptible to significant impeachment if he had testified. At the end of the hearing, the PCRA court denied relief. Appellant timely filed a notice of appeal on Monday, February 26, 2018. The PCRA court did not order and Appellant did not file a Rule 1925(b) statement.

Appellant raises the following issue for our review:

> WHETHER THE [PCRA] COURT ERRED WHEN IT MADE A FINDING THAT [APPELLANT] WAS NOT ENTITLED TO POST-CONVICTION COLLATERAL RELIEF, EVEN THOUGH THE EVIDENCE PRESENTED AT THE PCRA HEARING SHOWED THAT DEFENSE COUNSEL PRECLUDED [APPELLANT] FROM TESTIFYING AT HIS NON-JURY TRIAL, CAUSING THE COURT TO FIND [APPELLANT] GUILTY[?]

(Appellant's Brief at 6).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. Commonwealth v. Conway, 14 A.3d 101, 109 (Pa.Super. 2011), appeal denied, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if

the record contains any support for those findings. Commonwealth v. Boyd, 923 A.2d 513, 515 (Pa.Super. 2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. Commonwealth v. Abu-Jamal, 553 Pa. 485, 527, 720 A.2d 79, 99 (1998), cert. denied, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. Id.

Appellant argues trial counsel's failure to call Appellant to testify during trial constitutes ineffective assistance of counsel. Appellant submits the court did not conduct an oral colloquy on Appellant's waiver of his right to testify. Appellant contends he spoke to trial counsel during trial about testifying, but she ignored his requests. Appellant maintains his testimony was necessary to refute Victim's testimony. Appellant concludes this Court should vacate his judgment of sentence and remand the matter for a new trial. We disagree.

The law presumes counsel has rendered effective assistance. Commonwealth v. Williams, 597 Pa. 109, 950 A.2d 294 (2008). Under the traditional analysis, to prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden to prove his claims by a preponderance of the evidence. Commonwealth v. Turetsky, 925 A.2d 876 (Pa.Super. 2007), appeal denied, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must

demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the asserted action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. Id. See also Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326 (1999). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." Commonwealth v. Spotz, 624 Pa. 4, 34, 84 A.3d 294, 312 (2014) (quoting Commonwealth v. Ali, 608 Pa. 71, 86-87, 10 A.3d 282, 291 (2010)). "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the...test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." Commonwealth v. Steele, 599 Pa. 341, 360, 961 A.2d 786, 797 (2008).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit...." Commonwealth v. Pierce, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." Commonwealth v. Poplawski, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

Pierce, supra at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [Kimball, supra], we held that a "criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

Commonwealth v. Chambers, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

"Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if [she] chose a particular course that had some reasonable basis designed to effectuate [her] client's interests." Commonwealth v. Sneed, 616 Pa. 1, 19, 45 A.3d 1096, 1107 (2012).

> A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. A claim of ineffectiveness generally cannot succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued.

Id. at 19-20, 45 A.3d at 1107 (internal citations and quotation marks omitted).

A defendant's decision to testify on his own behalf is ultimately made by the defendant after full consultation with counsel. Commonwealth v.

- 6 -

Thomas, 783 A.2d 328, 334 (Pa.Super. 2001). "In order to support a claim that counsel was ineffective for failing to call the appellant to the stand, [the appellant] must demonstrate either that (1) counsel interfered with [her] client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf." Id. (quoting Commonwealth v. Preston, 613 A.2d 603, 605 (Pa.Super. 1992), appeal denied, 533 Pa. 658, 625 A.2d 1192 (1993)) (internal quotation marks omitted). An appellant must show specific incidents of counsel's impropriety to satisfy a claim of strategic error. Thomas, supra at 334-35.

Instantly, the court convicted Appellant on September 19, 2014, of two counts of stalking and one count of terroristic threats. Appellant did not testify at trial, and the court did not conduct a colloquy regarding Appellant's waiver of his right to testify. Following his sentencing, Appellant timely filed a PCRA petition in January 2015. After a complicated procedural history, on January 25, 2017, this Court vacated the PCRA court's September 14, 2015 order dismissing Appellant's first PCRA petition and remanded for counsel to file an amended petition or a Turner/Finley no-merit letter. On February 7, 2017, the PCRA court granted Appellant's motion to appoint new counsel. Current counsel filed an amended PCRA petition on Appellant's behalf on November 29, 2017, and argued trial counsel was ineffective for depriving Appellant of his right to testify at trial. During a PCRA hearing on January 25, 2018,

Appellant testified inconsistently regarding what conversations took place with trial counsel about Appellant's decision to testify. Conversely, trial counsel testified that she advised Appellant of all of his rights; and Appellant did not tell her that he wanted to testify at trial. At the conclusion of the hearing, the PCRA court denied relief.

In response to Appellant's contention, the PCRA court reasoned as follows:

> Upon a review of the record in this case, the [c]ourt finds that [Appellant] was adequately advised by trial counsel of [the] right to testify. The testimony at the Evidentiary Hearing reveals that [trial counsel] and [Appellant] discussed (1) the possibility of [Appellant] testifying on his own behalf at the Non-Jury Trial and (2) the disadvantages of him testifying. [Trial counsel] consistently and unequivocally testified that she informed [Appellant] of such rights, as she does with all of her clients, and [Appellant] never expressed a desire to testify. To the contrary, [Appellant's] testimony was contradictory and inconsistent. During the hearing, [Appellant] testified on direct-examination and redirect that he did not have a full conversation with [trial counsel] about wanting to testify at trial; however, on cross-examination, he said that he did request to testify and [trial counsel] ignored his request to do so. As there is no benefit of a colloquy, the [c]ourt relies on the evidence presented and the credibility of the witnesses. It is the opinion of [the c]ourt that the evidence presented clearly establishes that [trial counsel] fully and adequately informed [Appellant] of all of his constitutional rights and any advantages or disadvantages to testifying at trial. This included the fact that [Appellant] was on supervision with the Westmoreland County Adult Probation and Parole Office for having committed nearly identical offenses with the [same victim], and the fact that [Appellant] would be susceptible to significant impeachment or cross-examination based upon the facts of the case. The [c]ourt finds that [trial counsel's] conversations with [Appellant] discussing all of the disadvantages to testifying

at the Non-Jury Trial were reasonable. Further, there is no credible evidence presented to establish that [Appellant] requested to testify and [trial counsel] prevented him from doing so.

(PCRA Court Opinion, filed March 16, 2018, at 5-6). The record supports the PCRA court's analysis and decision. See Sneed, supra; Abu-Jamal, supra; Turetsky, supra; Thomas, supra. Accordingly, we affirm.

Order affirmed.

President Judge Emeritus Bender joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2019