J-S06038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| QUADIR SHAHIDD TAYLOR | : | |
| | : | |
| Appellant | : | No. 1203 EDA 2021 |

Appeal from the PCRA Order Entered April 29, 2021
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-000587-2016

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                          **FILED MAY 6, 2022**

Appellant, Quadir Shahidd Taylor, appeals from the order entered in the Northampton County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant and co-conspirators perpetrated a robbery and burglary on an elderly woman, Carrie Smith ("Victim"), and took $30,000.00 in cash and other valuables from Victim's safe after smothering her with a pillow and threatening her with a gun.  As a result of this incident, Victim suffered a heart attack and ultimately died.  On January 13, 2017, a jury convicted Appellant of murder of the second degree, robbery, burglary, criminal trespass, theft by

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

unlawful taking, terroristic threats, recklessly endangering another person and two counts of conspiracy. On January 27, 2017, the court sentenced Appellant to life imprisonment. This Court affirmed the judgment of sentence on October 15, 2018, and our Supreme Court denied Appellant's petition for allowance of appeal on May 15, 2019. *See Commonwealth v. Taylor*, 200 A.3d 561 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 652 Pa. 319, 208 A.3d 896 (2019).

On March 16, 2020, Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition alleging that Appellant's trial counsel was ineffective for failing to provide Appellant with an opportunity to testify in his own defense.

On March 18, 2021, the PCRA court held an evidentiary hearing. Trial counsel testified at the hearing that it is his practice to have a conversation with his clients about testifying. Trial counsel admitted, however, that he could not recall specifically whether he had that conversation with Appellant. Nevertheless, trial counsel stated that in light of Appellant's prior confessions and the anticipated testimony of the co-defendants, trial counsel did not find it prudent to challenge whether Appellant participated in the robbery. Rather, trial counsel's strategy was to challenge the Commonwealth's evidence regarding the causation of Victim's death. Based on his trial strategy, trial counsel stated that "there really wasn't, in my mind, a lot of reason for [Appellant] to testify, given that there was a confession. There wasn't really

an issue as to what happened factually." (N.T. PCRA Hearing, 3/18/21, at 11).

Appellant testified that he did not recall trial counsel conferring with him about his right to testify in his defense. Appellant stated that he wanted to testify at trial but did not recall whether he informed trial counsel of this intent. When asked on cross-examination, Appellant was unable to provide a response as to what he would have stated at trial if he were given the opportunity to testify. When asked if his testimony at trial would have differed from the confessions he provided to police, Appellant responded, "I'm not sure. I'm not sure I can answer that right this second." (*Id.* at 25).

On April 29, 2021, the court denied PCRA relief. Appellant filed a timely notice of appeal on May 20, 2021. On June 16, 2021, the court issued an order directing Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied on June 28, 2021.

Appellant raises the following issue for our review:

> Did the court err in determining that Trial Counsel was not ineffective, where Trial Counsel failed to advise [Appellant] of his right to testify, and failed to provide him an opportunity to testify in his own defense?

(Appellant's Brief at 4).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*,

207 A.3d 957, 960-61 (Pa.Super. 2019), *appeal denied*, 655 Pa. 428, 218 A.3d 850 (2019).  This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).  "[W]e review the court's legal conclusions *de novo*."  ***Commonwealth v. Prater***, 256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A3.d 386 (2021).  Further, "we must defer to the PCRA court's findings of fact and credibility determinations, which are supported by the record."  ***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa.Super. 2018), *aff'd*, ___ Pa. ___, 226 A.3d 995 (2020).

Appellant argues that trial counsel's failure to properly inform Appellant of his right to testify interfered with Appellant's constitutional right to testify in his own defense.  Appellant asserts that there was no reasonable basis for trial counsel's actions because "trial counsel offered no strategy that would explain his failure to call [Appellant] to the witness stand, or even conduct a colloquy with him as to whether he wanted to testify."  (Appellant's Brief at 11).  Appellant claims he was prejudiced because "the failure to advise a defendant of his or her right to testify, and the failure to provide that defendant with a forum within which to exercise the defendant's absolute constitutional right is inexcusable, and no subsequent review of a cold record can remedy nor authorize such a fundamental failure."  (***Id.*** at 7).  Appellant concludes that the PCRA court erred by determining that trial counsel was not

ineffective, and this Court must vacate the order denying PCRA relief. We disagree.

"Counsel is presumed to have rendered effective assistance." *Commonwealth v. Hopkins*, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

"Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Sneed*, 616 Pa. 1, 19, 45 A.3d 1096, 1107 (2012).

> A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success

substantially greater than the course actually pursued. A claim of ineffectiveness generally cannot succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued.

*Id.* at 19-20, 45 A.3d at 1107 (internal citations and quotation marks omitted).

A defendant's decision to testify on his own behalf is ultimately made by the defendant after full consultation with counsel. ***Commonwealth v. Thomas***, 783 A.2d 328, 334 (Pa.Super. 2001). "In order to support a claim that counsel was ineffective for failing to call the appellant to the stand, [the appellant] must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf." ***Id.*** (quoting ***Commonwealth v. Preston***, 613 A.2d 603, 605 (Pa.Super. 1992), *appeal denied*, 533 Pa. 658, 625 A.2d 1192 (1993)) (internal quotation marks omitted). An appellant must show specific incidents of counsel's impropriety to satisfy a claim of strategic error. ***Thomas, supra*** at 334-35. "Counsel is not ineffective where counsel's decision not to call the defendant was reasonable." ***Commonwealth v. Todd***, 820 A.2d 707, 711 (Pa.Super. 2003) (internal citation omitted), *appeal denied*, 574 Pa. 773, 833 A.2d 143 (2003).

Instantly, the PCRA court evaluated Appellant's ineffectiveness claim as follows:

[W]e find that the record reflects that [trial counsel] had a

reasonable basis for neglecting to fully consult with [Appellant] on the issue of whether or not [Appellant] would testify, insofar as his theory of the case and trial strategy to pursue only a causation challenge was reasonably designed to advance [Appellant]'s best interests in light of the attending circumstances.

As acknowledged by [Appellant], the issue at trial in this matter was not a question of whether [Appellant] had been involved in the subject robbery, but rather a "battle of the experts," and "an issue of the medical testimony with regard to causation" of [Victim]'s death. As [trial counsel] testified at the hearing, "[Appellant] had given confessions. There wasn't much of an issue as to whether [Appellant] was there that night. And it was really a question, in my mind, as to whether or not his actions caused the homicide." [Trial counsel] further acknowledged that his "trial strategy was to challenge the Commonwealth's evidence with respect to medical causation" of [Victim]'s death, which was his strategy in "light of [Appellant's] confession and in light that there were codefendants who [were] going to testify, those were the two main factors. Also, there really wasn't, in my mind, a lot of reason for him to testify, given that there was a confession. There wasn't really an issue as to what happened factually." [Trial Counsel] did in fact employ this strategy at trial, cross-examining the Commonwealth's medical expert witnesses and calling multiple medical expert witnesses to testify on [Appellant]'s behalf at the trial. … Whereas the record before us would not properly support a conclusion that [trial counsel]'s failure to invite [Appellant] to testify was unreasonable in light of these circumstances, [Appellant]'s claim for collateral relief must fail.

(PCRA Court Opinion, filed 7/14/21, at 4-5) (internal citations omitted). The record supports the PCRA court's analysis. *See **Beatty, supra***; ***Boyd, supra***.

Trial counsel testified that is it his practice to discuss with all clients whether they should testify at trial. Trial counsel admitted, however, that he could not recall the specific conversation with Appellant on this point. Nevertheless, counsel made clear that there would have been a reasonable

strategic basis for advising Appellant not to testify in light of Appellant's confessions, the anticipated testimony of the co-defendants, and the overall defense strategy to attack the medical causation of Victim's death. Appellant has failed to show any specific incidents of counsel's impropriety to overcome a claim of strategic error. **See Thomas, supra**. Having failed to establish that trial counsel had no reasonable strategic basis for his actions, Appellant cannot succeed on his ineffectiveness claim. **See Chmiel, supra**. **See also Todd, supra**; **Commonwealth v. Preston**, 613 A.2d 603 (Pa.Super. 1992), *appeal denied*, 533 Pa. 658, 625 A.2d 1192 (1993) (holding counsel had reasonable strategic basis for advising appellant not to testify where trial counsel testified that appellant's testimony would have added nothing to defense and only created "swearing contest" between appellant and Commonwealth's witnesses). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2022