J-S26042-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                      :           PENNSYLVANIA
                      :
          v.               :
                      :
                      :
JESSE LUMBERGER               :
                      :
          Appellant       :       No. 1884 WDA 2019

Appeal from the PCRA Order Entered November 20, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003088-2014

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              FILED JUNE 23, 2020

Jesse Lumberger (Lumberger) appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Allegheny County (PCRA court). After careful review, we affirm.

I.

We take the following factual background and procedural history from the PCRA court's January 28, 2019[1] opinion, this Court's October 26, 2019 opinion in this matter, and our independent review of the record. On

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The court's opinion is mistakenly dated 2018 but is time-stamped with the correct year.

December 1-2, 2014, the court held a waiver trial on the charges of Robbery, Theft by Unlawful Taking, Terroristic Threats, Simple Assault and Recklessly Endangering Another Person related to Lumberger's robbery of Huntingdon Bank in McKeesport, Pennsylvania, on May 15, 2013. At trial, the Commonwealth presented the testimony of Merlyn Fenton (the bank teller who identified Lumberger as the robber at the preliminary hearing and trial), Jose Vasquez (bank manager), Officer Thomas Greene (investigating officer who found clothing with Lumberger's DNA fifty yards from the bank), Officer Joe Osinski (officer who found more clothing with Lumberger's DNA in cemetery across the street), and Officer James Reed (officer who interviewed Lumberger and who witnessed Fenton's reaction to him at the preliminary hearing). The court sentenced him to a mandatory minimum term of not less than ten or more than twenty years on the Robbery conviction, and a consecutive term of five years' probation for Terroristic Threats. The court denied his post-sentence motions and Lumberger timely appealed.

On appeal, Lumberger challenged the sufficiency and weight of the evidence, and also argued that the trial court erred in considering facts and testimony from a prior jury trial in which he was acquitted of robbing the same bank as the one involved herein on May 20, 2013 (five days after the robbery in this case). On October 31, 2016, the Superior Court affirmed the judgment of sentence, finding the discrete sufficiency challenge waived and that the

verdict was not against the weight of the evidence. In rejecting Lumberger's claim of trial court error, the panel of observed:

> The record reflects that prior to conducting a waiver trial that is the subject of this appeal, the trial court presided over a jury trial where [Lumberger] was acquitted of a separate robbery that occurred on May 20, 2013. In that case, Christopher Gaspersz confessed to committing the May 20, 2013 robbery.
>
> The record further reflects that although Mr. Gaspersz did not testify at the trial that is the subject of this appeal, he was mentioned during its course, and the issue of whether Mr. Gaspersz could have perpetrated the May 15, 2013 robbery was before the trial court sitting as fact-finder. When a trial court sits as fact-finder, it "is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." Commonwealth v. Konias, 136 A.3d 1014, 1021 (Pa. Super. 2016) (citation omitted).
>
> In its opinion on this issue, the trial court stated:
>
> … The first reaction the Court has is that [Lumberger] is the one who injected the prior matter into this trial. During cross-examination of Detective Reed, [Lumberger's] lawyer asked him about Mr. Gaspersz's confession.[a] So [it is] a little hard for this Court to understand the current argument when it [Lumberger] himself that brought this matter to the forefront.
>
>> [a] In rendering the verdict in this case, the trial court provided further context to this issue, as follows:
>>
>>> I believe when I look at the entirety of the circumstances—and it is circumstantial in some respects, but the probability of [Fenton] having a visceral reaction she had to [Lumberger] when she saw him, for her having the description she gives of him, for [Lumberger's] DNA to be on the blue shirt in the concentration it is[,] with respect to

- 3 -

the scans from the bank, with respect to the distance to [Lumberger's] mom's house is almost a straight line, I believe that this issue about Gaspersz is a red herring.

I believe Gaspersz is a flunky and a friend that would say anything he could say to extricate his buddy, [Lumberger], from his liability in robbing this bank. And I think that that's a nonissue in this case, because he didn't testify here.

I believe if anyone looks through that cheap doo-rag hanging over his face, it's clearly not Gaspersz who went into the bank. The same person that went in the bank is the person that had on the same clothing that were [sic] found in the cemetery, and it's him. He knows it. I mean, I think we're playing games. He knows he did it.

(N.T. Trial, 12/02/14, at 198-99) (emphases added).

That aside, this Court did what the law requires in such a situation-disregard material that it may know from other cases and judge guilt on what is properly before this Court. This was exemplified during closing argument and the Court's summation. The government began its speech with an objection about Mr. Gaspersz not testifying in this case. The Court's response was that it knows that. Implicit to all in the courtroom, by tone and tenor, is that the Court would not be considering that material. Later, the Court described the Gaspersz matter as a "red herring" in this case. The assertion that this Court erred by considering evidence of the prior robbery is simply lacking in support.

(Trial Court Opinion, 1/12/16, at 6) (citations to notes of testimony omitted; emphasis added).

> After careful review of the record, we agree with the learned trial court that the record belies [Lumberger's] contention that the trial court considered evidence of the May 20, 2013 robbery. Therefore, this claim lacks merit.

(Commonwealth v. Lumberger, No. 1238 WDA 2015, unpublished memorandum, at **13-14 (Pa. Super. filed Oct. 31, 2016) (some record citation formatting provided).

Lumberger filed a timely pro se PCRA petition on October 24, 2017. On July 27, 2018, appointed counsel filed an amended petition, arguing that trial counsel was ineffective for failing to request that the trial court recuse itself due to its bias from having presided over Lumberger's trial for the May 20, 2013 robbery, for asking the court to consider evidence that was presented in that prior trial, and for allowing Lumberger to enter an unknowing and involuntary waiver of his right to a jury trial. The Commonwealth filed an answer on November 13, 2018. On December 3, 2018, the PCRA court issued notice of its intent to dismiss the petition without a hearing. See Pa.R.Crim.P. 907(1). On January 28, 2019, the PCRA court issued an order in which it stated that, "[b]ased upon the analysis set forth in the [Commonwealth's] Answer," its inclination was to dismiss the PCRA petition without further proceedings. (Order, 1/28/19). The court noted that "the recusal issue has been resolved by this [c]ourt and addressed on direct appeal" and that "[t]he waiver of jury trial issue is contradicted by the record facts. Of particular importance is the oral and written colloquy conducted with Mr. Lumberger's participation." (Id.). On September 30, 2019, the PCRA court denied the

petition. The court granted Lumberger's petition to file an appeal nunc pro tunc and he timely appealed.[2] The court did not order a concise statement of matters complained of and relied on its reasons stated in its January 28, 2019 Notice of Intent to Dismiss. See Pa.R.A.P. 1925.

## I I.

"Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." Commonwealth v. Johnson, 966 A.2d 523, 532 (Pa. 2009). To prove a claim of ineffective assistance of counsel, a petitioner must establish:

> (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced – that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

_____

[2] Our standard of review of this matter is well-settled.

> The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Further, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

Commonwealth v. Cruz, 223 A.3d 274, 277 (Pa. Super. 2019) (citations and quotation marks omitted).

- 6 -

Commonwealth v. Pier, 182 A.3d 476, 478-79 (Pa. Super. 2018) (citations omitted). "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." Commonwealth v. Robinson, 877 A.2d 433, 439 (Pa. 2005) (citation omitted). "Counsel will not be deemed ineffective for failing to raise a meritless claim." Commonwealth v. Spotz, 896 A.2d 1191, 1210 (Pa. 2006) (citation omitted).

The court has the discretion to dismiss a PCRA claim without a hearing when "there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." Commonwealth v. Roney, 79 A.3d 595, 604 (Pa. 2013). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." Commonwealth v. Blakeney, 108 A.3d 739, 749-50 (Pa. 2014) (quoting Roney, 79 A.3d at 604-05).

### A.

Lumberger first argues that trial counsel was ineffective for failing to move for recusal of the trial judge due to potential bias where he had presided over Lumberger's earlier jury trial and, therefore, was aware of evidence not

admitted at the non-jury trial. This issue does not merit relief where he has failed to establish prejudice.

"Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings." Commonwealth v. Chambers, 807 A.2d 872, 883 (Pa. 2002) (citation omitted). "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." Commonwealth v. Cox, 863 A.2d 536, 546 (Pa. 2004). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Chambers, supra at 883 (citation omitted).

As this Court noted on direct appeal, "[w]hen a trial court sits as fact-finder, it is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." (Lumberger, supra at *14) (citing Konias, 136 A.3d at 1021) (internal quotation marks omitted). Recusal is required when "there is a substantial doubt as to a jurist's ability to preside impartially." Commonwealth v. Mickell, 598 A.2d 1003, 1006 (Pa. Super. 1991) (citation omitted).

Lumberger observes that the trial court was the presiding judge at the prior jury trial in which he was accused and found not guilty of robbing the bank involved in this case five days later. He maintains that although the jury found him not guilty, the judge had knowledge of facts not presented at the

non-jury trial. Specifically, he observes that "the court was aware that the appearance and actions of the perpetrator in both actions was similar" and that his "DNA was found on items believed to be worn by the perpetrator."[3] (Lumberger's Brief, at 12) (record citation omitted).[4] He also notes that at the jury trial, the trial court questioned a defense witness (Mr. Gaspersz) about his confession and the fact that his version of events were different from what was on a video that was presented as evidence. (See id.). He argues that although Mr. Gaspersz did not testify at the non-jury trial and the video was not presented, the court referenced both in the non-jury trial. Based on the foregoing, Lumberger argues that "[t]he court's knowledge of the other case against [him], and the evidence presented in the other case predisposed it to finding him guilty in the instant case." (Lumberger's Brief, at 14); (see also id. at 13 ("Such intimate prior involvement at the time of the non-jury trial cloaks the instant case with an appearance of impropriety that should have been eliminated by counsel.")). We disagree.

_____

[3] The DNA evidence was presented at the instant trial for the May 15, 2013 robbery.

[4] The Commonwealth observes that Lumberger also cites to the April 2014 jury trial, which is not part of the record in this case so we cannot consider it. (See Commonwealth's Brief, at 8); Commonwealth v. Killen, 680 A.2d 851, 852 n.5 (Pa. 1996) ("As a general rule, matters not part of the record will not be considered on appeal."). However, this is not fatal to Lumberger's claim because we do not need to review that transcript to resolve this issue.

Our review of the record confirms the trial court's recollection of the discussions regarding Mr. Gaspersz's confession. When Lumberger's counsel brought up Mr. Gaspersz, the court did engage in discussions, but repeatedly stated that the testimony was not before it in this trial. Indeed, after its own independent review of the record, a panel of this Court has already concluded it belies Lumberger's claim that the court improperly considered evidence from the prior robbery trial. (See Lumberger, supra at *15). The trial court expressly stated that it "did what the law requires" and "disregard[ed] material that it may know from other cases and judge[d] guilt on what [was] properly before the Court." (Id.) (quoting Trial Ct. Op., 1/12/16, at 6). In its summation, the court noted the substantial evidence against Lumberger and that the "issue about Gaspersz is a red herring" and a "nonissue in this case because he didn't testify here." (Id. at *14) (quoting N.T. Trial, 12/02/14, at 198-99).

Accordingly, based on the foregoing and our own independent review of the record, we conclude that Lumberger is due no relief on his claim that trial counsel provided ineffective assistance when he failed to file a motion seeking the trial judge's recusal in this matter. He cannot establish that he was

prejudiced by this decision where the court did not, in fact, consider evidence from his prior trial.[5]

B.

We turn next to Lumberger's claim that "counsel's failure to ensure a knowing and informed waiver of a jury trial was, under the circumstances, ineffective assistance of counsel." (Lumberger's Brief, at 16). He maintains that counsel "assured him that the judge could base its decision at the nonjury trial on a finding that the witness who admitted to committing the crime at the jury trial was credible." (See id. at 18). He further asserts that "[c]ounsel also told Mr. Lumberger that the judge would find him not guilty because he knew the jury had done so." (Id.) (See Amended PCRA Petition).

A criminal defendant has a constitutional right to a jury trial. See Pa. Const. art. I §§ 6, 9; United States Const. amends. VI, XIV. In deciding to waive this right, a defendant should have the effective assistance of counsel,

_____

[5] Lumberger fails to make any argument to support his claim that counsel was ineffective for "asking the court to consider evidence not presented at the nonjury trial." (Lumberger's Brief, at i). He makes bald assertions that "[c]ounsel erroneously believed that the judge could base its decision at the nonjury trial upon a finding that the witness who admitted to committing the crime at the jury trial was credible[]" and "assumed that the judge would find [him] not guilty because he knew that the jury had done so." (Id. at 13-14). To the extent we can interpret this as an inartful attempt to support his issue, his bald statements utterly fail to meet his burden of pleading and proving the merit of this claim, and he cannot establish prejudice where the court did not consider the evidence. Therefore, this argument fails.

although the final decision is the defendant's responsibility. Commonwealth v. Martin, 499 A.2d 344, 351 (Pa. Super. 1985).

> Counsel's advice to waive a jury trial can be the source of a valid claim of ineffective assistance of counsel only when 1) counsel interferes with his client's freedom to decide to waive a jury trial, or 2) appellant can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of the right. Where an appellant merely claims, as in the present case, that his decision was a strategic error, and can point to no specific incidents of counsel impropriety, he must bear the responsibility for that decision and cannot shift the blame to counsel.

Commonwealth v. Martin, 499 A.2d 344, 351 (Pa. Super. 1985) (citations omitted).

Here, Lumberger claims that he waived his right to a jury trial because of counsel's erroneous advice that "the judge could base its decision at the nonjury trial on a finding that the [jury trial] witness who admitted to committing the [same] crime [five days later] was credible." (Lumberger's Brief, at 18). If counsel gave this erroneous advice to Lumberger to induce him to waive his jury trial rights, Lumberger's claim could arguably meet the underlying merit prong of the ineffectiveness test because this advice is contrary to well-established law. However, this does not end our inquiry because Lumberger has failed to prove he was prejudiced by proceeding with a bench trial.

However, the trial court expressly relied only on evidence presented in the trial, just as a jury would have done, and a panel of this Court found that the trial court's verdict was not against the weight of the evidence where it

consisted of the bank teller's eyewitness identification, corroborating photographic evidence, and an "overwhelming amount of DNA evidence." (Lumberger, supra at *12). Based on the substantial amount of evidence both scientific and testimonial that the Commonwealth presented, we conclude that Lumberger has failed to meet his burden of proving there is a reasonable probability that the outcome of the proceeding would have been different had he not elected to proceed in a waiver trial.[6] Therefore, he has failed to plead and prove the prejudice prong of the ineffectiveness test.

C.

Lumberger argues that his decision to waive his right to a jury trial was uninformed, unknowing and unintelligent where the "waiver colloquy was minimal." (Lumberger's Brief, at 17). Although he does not phrase this argument as one of ineffective assistance of counsel, we interpret it as another reason he claims counsel was ineffective for advising him to waive his right to a jury trial.

Pursuant to the Pennsylvania Rules of Criminal Procedure:

In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and

_____

[6] The panel found that Lumberger's sufficiency challenge was waived where it was on a discrete issue that he failed to preserve. (See Lumberger, No. 1238 WDA 2015, at *10). This waiver would still have occurred whether Lumberger proceeded in a jury or a bench trial.

> such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

The essential elements for a valid jury trial waiver "are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." Commonwealth v. Smith, 181 A.3d 1168, 1175 (Pa. Super. 2018) (citation omitted).

Here, Lumberger was provided both a written and oral guilty plea colloquy. The written Explanation of Defendant's Rights Non-Jury Trial advised Lumberger that he was entitled to a jury trial of his peers, had the right to participate in jury selection, that the verdict had to be unanimous, that he understood the waiver proceedings and was voluntarily waiving his constitutional right to a jury trial. (See Explanation of Defendant's Rights Non-Jury Trial, at 2-3). He confirmed that he "discussed with [his] attorney [his] intention to waive [his] constitutional right to a trial by jury and proceed in what we call a non-jury or bench trial before a judge only, who will decide [his] guilt or innocence from the evidence presented[.]" (Id. at 3). He answered that he was completely satisfied with counsel's representation and advice, and that no one forced him to waive his right to a jury trial or promised

him anything for doing so. (See id. at 4).[7] The court confirmed on the record that Lumberger was aware he had a right to a jury trial and he could participate in jury selection, the jury would consist of twelve of his peers who would have to reach a unanimous verdict, and the court would interpret the facts presented. (See N.T. Trial, 12/01/14, at 9-10).[8] Therefore, the trial court's colloquy properly apprised Lumberger of the essential elements of a jury trial and any claim of counsel's ineffectiveness on this basis lacks merit.

Based on all of the foregoing, we affirm the order of the PCRA court denying Lumberger's petition.

Order affirmed.

_____

[7] On the written guilty plea colloquy, Lumberger indicated he had a question for the court. (See Defendant's Rights Non-Jury Trial, at 4). At the oral colloquy, he asked the court about introducing his cousin, Michelle Flewellen, as an alibi witness. He had not advised the Commonwealth about her and had only told his counsel about her the day before in contravention of his notice obligations. (See N.T. Trial, 12/01/14, at 12); Pa.R.Crim.P. 567(A), 579(A). Although the Commonwealth objected to her testifying because of the lack of sufficient notice, the court did provide Lumberger with the opportunity to present this witness, but she was unavailable when called. (See id. at 16, 175-76).

[8] Lumberger claims that counsel did not tell him about the advantages of a jury trial. (See Lumberger's Brief, at 18). However, the trial court expressly advised Lumberger in its colloquy that many believe a jury trial has advantages over a bench trial, a fact which he acknowledged. (See N.T. Trial, 12/01/14, at 9).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  <u>6/23/2020</u>